WILLIAM MARKS v. EDWARD P. BROWN AND OTHERS.[1]

November 30, 1917.

Nos. 20,583.

**New trial — admission of prejudicial evidence — discretion of court.**

1. In holding prejudicial an error in admitting certain evidence and

[1]Reported in 165 N. W. 265.

granting a new trial on that ground the trial court did not abuse its discretion.

**Evidence — question for the jury.**

    2. The evidence was not conclusive in favor of the verdict rendered.

Two actions in the district court for Hennepin county, one by William Marks, as father and natural guardian of Irvin Marks, to recover $10,000 for injuries received by his son when run over by defendant's delivery wagon; the other to recover $5,000 for loss of the services of his son during his minority. The answers alleged negligence of the parents in permitting the child to wander unattended on the busy city street mentioned in the complaint. The case was tried before Steele, J., who denied the motion of defendants for an instructed verdict in each case, and a jury which returned in each case a verdict in favor of defendants. From an order granting plaintiff's motion for a new trial, defendants appealed. Affirmed.

    *Frank H. Wadsworth* and *A. R. Taylor,* for appellants.
    *C. M. Bracelen* and *Neil M. Cronin,* for respondent.

BUNN, J.

These actions, one by plaintiff as father and natural guardian of his minor son, the other by plaintiff in his own right, were tried together in the court below. The liability of defendants was predicated upon alleged negligence of a servant of defendants, the driver of one of their milk wagons, resulting in injury to plaintiff's minor son, a boy three years old. There was a verdict for the defendants in each case. On motion of plaintiff the trial court set aside these verdicts and granted a new trial. The order recites that the motion was granted on the ground of errors of law occurring at the trial. The memorandum states that the only ground upon which the motion is granted is the one that relates to the evidence admitted going to show that the driver was a careful driver and that he never had accidents before. This is the only error relied on here to sustain the order appealed from.

It is conceded that it was error to admit the evidence referred to. Defendants claim that the error was without prejudice, both because of the improbability that the admission of this evidence affected the

verdicts, and because the evidence as a whole was insufficient to warrant any verdicts other than those rendered.

We would have sustained the trial court if it had denied a new trial, but it by no means follows that we cannot sustain the order granting one. It is hardly necessary to refer to the large discretion in the trial court in determining the probable effect on the jury of an erroneous ruling. We cannot say that the court abused this discretion in the present case.

Plaintiffs did not make a strong case, and the verdicts were probably right, but an examination of the record discloses evidence, which, if believed, made a case for the jury. On the whole we feel unable to say there was no prejudice in the error.

Order affirmed.