George Barthelman, Appellee, v. William Braun, Appellant.

Gen. No. 8,829.

filed January 10, 1935.

MILLER & SHAPIRO, of Kankakee, for appellant; LESTER E. WILLIAMS, of Chicago, of counsel.

FRANK J. & JAMES T. BURNS and STREETER & BLANKE, all of Kankakee, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The plaintiff, George Barthelman, brought suit in the circuit court of Kankakee county against the de-

fendant William Braun to recover damages for personal injuries to himself and damages to his automobile, caused, as he claims, by the negligence of the defendant. The first seven counts of plaintiff's declaration charge negligence in different phraseology. To this declaration the defendant filed a plea of "not guilty," non-ownership, and non-operation of the automobile in question. The eighth, a wilful and wanton count in the declaration, was withdrawn by the court from the consideration of the jury at the close of the plaintiff's case. During the trial the defendant admitted the ownership and operation of the automobile by the defendant. The jury found the issues for the defendant. The plaintiff entered a motion for a new trial, which was sustained and the plaintiff was granted a new trial. The defendant was granted leave by this Appellate Court to appeal from the order of the trial court granting the plaintiff a new trial. The case is now before this court on that appeal.

On June 16, 1931, the defendant was driving his automobile in a westerly direction on the State Highway, No. 17, in the county of Kankakee. The plaintiff was operating his automobile along said highway in the same direction. The defendant was operating his car at an approximate rate of 35 miles per hour. The highway on which the parties were driving was an ordinary 18-foot concrete pavement with a black line down the center of the paved portion of the road. The defendant, when near the residence of what is commonly called the Noffke farm, approximately 10 miles west of Kankakee, observed a man walking in a westerly direction on the right-hand side of the road. The defendant sounded his horn several times in order to get the pedestrian to step off of the concrete so that he could keep on in a westerly direction without driving his car over on the south side of the black line in the center of the road. As the defendant approached the man on the road and within 100 feet of him, he again

sounded his horn. The pedestrian turned around and looked at him but did not get off of the concrete slab. The defendant slowed his car down to approximately 20 miles an hour, and without warning or signal of any kind, he drove the left wheels of his car south a foot and a half or two feet from the black line in the center of the road. While his car was in this position the plaintiff approached from the east and attempted to pass the car of the defendant and struck the car of the defendant. The plaintiff's car ran off the pavement a short distance on the south side of the road and then back onto the pavement in front of the defendant's car and crossed the road and turned over, damaging the car and injuring the plaintiff. The facts as above stated are not contradicted.

Sometime after this accident the defendant signed a statement telling how the accident occurred. This statement was introduced in evidence as plaintiff's Exhibit No. 1, and is as follows: "On Saturday, June 6th, at about 4:30 P. M., as I was driving west on route No. 17, at a speed of approximately 30 miles per hour, I was forced to turn out suddenly on the wrong side of the road, due to the fact that a man was walking away from my car and refused to get off the road. Rather than hit him, I swayed suddenly to my left, as I did so, I hit a car that was traveling in the same direction I was at approximately a speed of 35 miles an hour. He blew his horn, but I could do nothing as the man going west refused to move. As a result I caused the driver of the Ford car, who was passing me, to run into a ditch, wrecking his car and injuring several occupants of the same car. I was to blame solely for this as it was unavoidable. Hope this report will prove satisfactory and I am sorry it happened.

"William Braun."

It will be observed that the defendant made two changes in the writing as shown by the statement in the appellant's brief. In the statement of facts appel-

lant says: "Defendant did not signal that he was going to turn out to the left."

So far as this appeal is concerned there is no complaint that the court erred in admitting improper evidence, or that he refused to admit proper evidence; or that the instructions given by the court to the jury were improper. A question of fact is presented, namely: "Whether the evidence was sufficient to sustain a verdict for the defendant and whether the court abused his discretion in granting the plaintiff a new trial." We do not deem it necessary to set out the testimony in full in a case of this kind, but state we have carefully read it. The trial court is given discretion in passing upon a motion for a new trial and it is his duty to carefully weigh the evidence, and if it is his judgment that the verdict of the jury is not in accord with the weight of the evidence, he should grant a new trial. The trial court is generally in a better position to pass on the weight of the evidence than the Appellate Court, because he has the opportunity to hear and see the witnesses and observe their conduct and demeanor while on the witness stand. *Bollin v. Galesburg Horse & Mule Co.*, 276 Ill. App. 256.

In this case we are of the opinion that it is shown by a preponderance of the evidence that the defendant was negligent in the operation of his car at the time of the accident, and that the negligence of the defendant was the proximate cause of the injury to the plaintiff. The trial court did not abuse his discretion in granting the plaintiff a new trial. The order of the circuit court of Kankakee county in granting a new trial to the plaintiff is hereby affirmed and the case is hereby remanded to said court for a new trial.

*Affirmed and remanded.*