G. F. Wettaw, Appellee, v. Retail Hardware Mutual
Fire Insurance Company et al., Appellants.

Opinion filed May 8, 1936.

SILBER, CLAUSEN, HIRSH & WOLEY, of Chicago, for appellants.

HARRY J. FLANDERS and K. C. RONALD, both of Eldorado, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

This is a petition by defendants below for leave to appeal from an order of the circuit court of Saline county setting aside a verdict in favor of petitioners and granting a new trial therein. Petitioners assign three reasons therefor: first, that the evidence in the case was so preponderately in their favor that no other verdict could properly have been rendered; second, the fact that they compensated the witnesses in their behalf, for their time in attending court, at a figure somewhat in excess of the witness fee fixed by statute, was not a ground for awarding a new trial; and third, that such fact being known to respondent during the trial, and he not moving to withdraw a juror and continue the case, thereby became precluded from raising the question.

The petition is filed under section 77 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 205, and number 30 of the rules adopted by the Supreme Court in amplification of the statute.

Prior to such enactment the award of a new trial was not regarded as a final order, and no review of the same was possible. By said section 77, such is now made final, and an appeal may be taken therefrom when leave for that purpose shall be granted by a reviewing court, or by a judge thereof in vacation; hence, obviously, whether a review of such order may be had is a matter which necessarily rests very largely within the discretion of the Supreme or Appellate Court, or by a justice of such court if the application be presented in vacation.

That the act is designed to promote justice, and to prevent a verdict, warranted by the record and justified by the evidence, from being set aside and lost to the party who was fairly entitled thereto, and such litigant forced to undergo the hazards of another trial with its further incidents of delay and expense, does not admit of argument. We think it clear that where a party litigant feels aggrieved at the order of a trial court in setting aside a verdict in his favor, and presents to a reviewing court, upon a petition for leave to appeal from such order, grounds which are reasonably debatable and fairly challenge the propriety of the grant of the new trial, the reviewing court should permit the appeal to be taken. Such an interpretation of section 77 is in consonance with justice and in accord with the evident spirit of the act.

It remains to be seen whether such grounds arise upon this record. Respondent urges that whether the verdict was in accord with or contrary to the weight of the evidence, upon the consideration of the motion for a new trial, was a matter addressed to the judicial discretion of the trial judge. This is true. However, it was held in *Adamsen v. Magnelia,* 280 Ill. App. 418, that the exercise by the trial court of its discretion in granting a new trial, even as to matters of fact, is a matter subject to review.

If the rule were otherwise, then when a new trial was awarded solely upon the ground that the verdict

was contrary to the manifest weight of the evidence, section 77 would be meaningless and of no avail to the complaining party however much he might be injured by the ruling. We think the section contemplates that where such ground is presented, the reviewing court should ascertain whether the record raises a fair question as to the propriety of the court's ruling, though it be on matters of fact, and if it does, then grant leave to appeal from the order awarding the new trial.

Of course where a question is reasonably presented as to whether the court erred as a matter of law in so ruling, the right to review cannot be denied. *Adamsen v. Magnelia, supra; Randall v. Randall,* 281 Ill. App. 169.

Petitioners admit that they paid the witnesses whom they called an amount in excess of the statutory witness fees; they, however, contend that respondent was, during the course of the trial, fully aware of such, and that they in fact stipulated it of record; moreover, that with knowledge of such matter, he took no steps to withdraw a juror and continue the cause, but proceeded to present his case, thereby speculating as to its outcome; furthermore, that having assumed such hazards he cannot thereafter urge same as a ground of relief from an adverse verdict. Such appears to be the law. *Chicago & E. R. Co. v. Meech,* 163 Ill. 305; *Stampofski v. Steffens,* 79 Ill. 303. Whether petitioners' contentions in this behalf are wholly justified can only be determined by a consideration of the record, upon a review of the cause.

It is our conclusion that questions, both of law and fact, are sufficiently presented by the petition to call upon this court to review the cause in the interest of justice, and that it is our duty to grant leave to appeal from the order awarding the new trial.

*Leave to appeal granted.*