Mabel Wagner, Appellee, v. Chicago Motor Coach Company, Appellant.

Gen. No. 39,282.

Opinion filed February 1, 1937.

RYAN, CONDON & LIVINGSTON, of Chicago, for appellant; JOHN M. TUOHY, of Chicago, of counsel.

WILLIAM C. NAPIER, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Mabel Wagner, who will hereinafter be referred to as plaintiff, brought an action against the Chicago Motor Coach Company and the Street Railway Company to recover damages for personal injuries. The Street Car Company was directed out of the case and there was a verdict and judgment in favor of the Motor Coach Company, which will hereinafter be referred to as the defendant. Afterward plaintiff's motion for a new trial was allowed and defendant filed a petition in this court for leave to appeal, which we granted. The case has been submitted on the record, abstracts, petition and answer.

The record discloses that on the evening of October 30, 1934, plaintiff was riding as a passenger on a street car when there was a collision between the street car and a motor coach operated by defendant at the intersection of Cottage Grove avenue and 63rd street, Chicago, as a result of which plaintiff claimed she was injured. Defendant does not dispute the fact that the accident was due to the negligence of its employee, the driver of the coach, but it contends that whether the driver was acting within the scope of his employment at the time of the collision, which occurred about one and one-half miles from its designated route, was a question for the jury, and the jury having found in favor of defendant, the trial judge abused his discretion in granting a new trial.

The evidence shows that defendant is a common carrier operating motor coaches in Chicago; that the route over which the coach in question was being operated was from Devon avenue on the North Side to 67th street and Stony Island avenue on the South Side, over certain designated streets; that when the driver of the coach reached 67th street and Stony Island avenue he was seen to be in an intoxicated condition; that he drove the coach some distance east of the designated route and then turned back toward the west and collided with a street car at 67th street and Stony Island avenue, as a result of which the radiator of the coach was damaged and leaked; that he then drove a short distance after the collision, went into a place of business where he purchased a telephone slug and entered a booth to telephone; that he came out and drove the coach to 63rd street and Cottage Grove avenue, where he collided with another street car, as a result of which plaintiff, who was a passenger on the street car, claims to have been injured. There is further evidence to the effect that defendant maintained a garage at 52nd street and Cottage Grove avenue, where its coaches were sometimes repaired, and it was the con-

tention of plaintiff that the driver of the coach was proceeding to this garage to have the leaking radiator repaired at the time of the collision.

No reason was specified in plaintiff's motion for a new trial, which was oral, nor does the report of the proceedings of the trial include the reason for the granting of a new trial by the trial judge, as might have been done. (Rule 30, Supreme Court, Rule 1 of this court.) Had such reason or reasons been included, it might have been of great assistance to this court. But counsel for defendant in their petition for leave to appeal say: "it will not be disputed that Judge McGoorty gave no reasons for granting the motion other than to say that he did not think that substantial justice had been done in the matter."

On the trial the defense interposed was, "First, that the driver of defendant's motor coach, at the time and place of the accident, was not acting within the scope of his employment and was not engaged on the master's business; and, second, that the plaintiff did not receive the alleged injuries complained of as a result of the accident." And counsel say that on the argument for a new trial plaintiff advanced two points,—first, "that the verdict was against the manifest weight of the evidence; second, that three erroneous instructions were given by the court at the request of the defendant"; and they contend that the verdict of the jury is not against the manifest weight of the evidence but, on the contrary, that there is ample evidence to justify the jury in returning a verdict in defendant's favor on the ground (1) that the driver of the coach was not acting within the scope of his employment; and (2) that there was ample evidence to justify the verdict on the ground that plaintiff's injuries, for which she claimed damages, did not result from the accident.

In *Village of LaGrange v. Clark,* 278 Ill. App. 269, where an appeal was allowed from an order of the cir-

cuit court awarding a new trial, another division of this court quoted with approval from 4 Corpus Juris, sec. 2813, as follows (p. 285): ''It is generally held that motions for a new trial are addressed to the discretion of the trial court and are not reviewable unless the record shows a *clear abuse* of such discretion, especially where such motions were based on questions of fact arising on the trial, or on matters which occurred in the presence of the court during the trial, . . . Appellate courts have encouraged trial courts in exercising this discretion to prevent a miscarriage of right and are reluctant to interfere unless the discretion has been exercised capriciously, arbitrarily or improvidently. Even greater latitude is allowed the trial court in granting than in refusing new trials, and the appellate court will interfere more reluctantly where the new trial is granted than where it is denied, since in such cases the rights of the parties are not finally settled as they are where the new trial is refused. . . . (Sec. 2816): The action of the trial court in granting or denying a motion for new trial based on the alleged insufficiency of the evidence to sustain the verdict is within the discretion of the court and is not subject to review except where there has been an abuse of discretion, and this fact *clearly appears*. . . . Where a new trial is *granted* on the ground of insufficiency of evidence, a stronger case is required to secure a reversal than where it has been denied; and the action of the trial court in *granting* a new trial will not be disturbed unless the evidence *palpably supports* the verdict.'' (See also *Tone v. Halsey, Stuart & Co.,* 286 Ill. App. 169, and *Gavin v. Keeter,* 278 Ill. App. 308.)

In the *Tone* case, where we allowed an appeal from an order granting a new trial and affirmed such order, we said (p. 171): ''No Illinois case construing this provision of the Civil Practice Act [sec. 77] is cited, but many decisions of courts where similar statutes have

been enacted are cited to the effect that only where the trial court has abused its discretion or proceeded upon some clear or manifest misapprehension of a supposed controlling rule of law, will an order for a new trial be reversed. Even in such cases, decisions indicate courts are reluctant to reverse, and their power to do so is seldom exercised." Citing cases from Kansas, California, Iowa, Oklahoma, Florida, Pennsylvania and Washington.

Upon a careful consideration of all the evidence in the record (which we do not discuss in detail here for the reason that we have reached the conclusion that the case must be again tried) we are of opinion we would not be warranted in holding that the trial judge, who saw and heard the witnesses, clearly abused his discretion in setting aside the verdict and awarding a new trial. Defendant had authorized and directed Allen, the driver of the coach, to drive the coach over the designated route to carry passengers for hire. The driver became intoxicated, collided with a street car at 67th street and Stony Island avenue, damaging the radiator; a short time thereafter he again collided with another street car about a mile and a half off the route at 63rd and Cottage Grove avenue, where plaintiff claims to have been injured. There was some evidence that the driver was proceeding to one of defendant's garages at 52nd street and Cottage Grove avenue to have the leaking radiator repaired. In *Moore v. Rosenmond,* 238 N. Y. 356, from which we quoted with approval in *Kavale v. Morton Salt Co.,* 242 Ill. App. 205 (affirmed 329 Ill. 445), where plaintiff was struck and injured by defendant's automobile, Judge Pound said (p. 358) : "The controversy is whether at the time of the accident the car was in use for defendant's benefit and on his account, or whether the defendant's chauffeur had taken it on an expedition or frolic or, in the vulgar, a joyride, for his own pleasure or purpose."

In that case the evidence showed that the chauffeur was directed to take the master's automobile and go on an errand. In place of doing so, he drove about the town and got drunk. The court said (p. 359): "Although Dollar [the chauffeur] was serving defendant badly, defendant was liable." We think the case of *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387, cited by defendant, in which it was held that the master was not liable for the negligent act of its agent because at the time of the accident the agent was not acting within the scope of his employment, is not in point, because in that case the agent took an automobile out on the streets of Chicago contrary to his employer's instructions. On this question the court there said (p. 397): "From the undisputed evidence Smith [the servant] was not only without authority to take the automobile, but was absolutely prohibited to do so without obtaining special permission," and that he received no such permission. In the case at bar the coach was driven by Allen by and with the authority of defendant coach company. There was also some evidence tending to show that plaintiff was injured as a result of the collision, although there was further evidence that some of the ailments complained of by her were in no way connected with the collision. Apparently the trial judge ordered a new trial because he was of opinion that the verdict was not justified by the evidence. In these circumstances we would not be warranted in holding that the trial judge clearly abused the discretion which the law reposed in him.

The order of the superior court of Cook county awarding a new trial is affirmed.

*Order affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.