Viola Couch, Administratrix of Estate of Charles G. Couch, Deceased, Appellee, v. Southern Railway Company, Appellant.

Opinion filed March 9, 1938. Rehearing denied March 29, 1938.

Kramer, Campbell, Costello & Wiechert, of East St. Louis, for appellant.

Felsen & McMurdo, of East St. Louis, for appellee; L. H. Degnan, of East St. Louis, of counsel.

Mr. Justice Edwards delivered the opinion of the court.

This is an appeal from an order granting a new trial in an action brought by Viola Couch, as administratrix of the estate of Charles G. Couch, deceased, against the Southern Railway Company, to recover damages under the Federal Employers' Liability Act, by reason of the death of said decedent while employed by defendant as a switchman; it being plaintiff's claim that such death was occasioned by the negligence of defendant. The cause was tried by a jury who found defendant not guilty. Plaintiff moved for a new trial, which was granted, and defendant has appealed from such order.

Defendant asserts that upon the evidence no other verdict could have been rendered, and that the court should have sustained its motions to take the case from the jury and direct a verdict in its favor. We have considered the testimony and are of opinion that the trial court properly submitted the cause to the jury.

The motion for a new trial sets forth various grounds why the verdict should be set aside, among which are

that the verdict is contrary to the weight of evidence; that the court improperly charged the jury at the instance of defendant; and that the trial judge entered the jury room during their deliberations and orally instructed them.

The basis of the award of a new trial does not appear of record, hence we cannot know upon what ground the trial judge sustained the motion. Where a motion for a new trial is granted, the court should cause to be made a part of the record his reasons therefor; as held in *Gavin v. Keter,* 278 Ill. App. 308.

The law is thoroughly established that motions for new trials are addressed to the sound judgment of the trial judge and his action thereon will not be reversed except in case of a clear abuse of such discretion, which must be affirmatively shown; *Berggren v. Travelers' Ins. Co.,* 231 Mass. 173, 120 N. E. 402; *Graeger v. Hager,* 275 Mich. 363, 266 N. W. 382; *Rossman v. Newbon,* 112 N. J. L. 261, 170 Atl. 230; *Marks v. Brown,* 138 Minn. 405, 165 N. W. 265; *Wayne Sewer & Drain Co. v. Ward-Cowan Const. Co.,* 195 Ind. 75, 143 N. E. 290; *Hastings v. Brooklyn Life Ins. Co.,* 138 N. Y. 473, 34 N. E. 289; *Miller Brewing Co. v. City of Milwaukee,* 155 Wis. 81, 143 N. W. 1066. It further appears to be the rule that reviewing courts are more reluctant to interfere with the grant of a new trial than with the refusal to set aside the verdict; *Ten Cate v. Sharp,* 8 Okla. 300, 57 Pac. 645; *Cochran v. Cochran,* 29 Ky. L. Rep. 332, 93 S. W. 18; *Bloch Queensware Co. v. Smith* (Mo.), 80 S. W. 592.

The rule as stated "is based upon the theory that the judge who tries the case, having the parties, their witnesses and counsel before him, with opportunity to observe their demeanor and conduct during the trial, and to note all incidents occurring during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been held, and substan-

tial justice done, than an appellate tribunal''; as held in *Sharp v. Greene,* 22 Wash. 677, 62 Pac. 147.

Previous to the enactment of the Civil Practice Act and section 77 thereof, the award of a new trial was not a final order and hence not reviewable. By the act it was designated as one from which an appeal might be allowed by the reviewing court upon a proper showing. We find that such rulings as have been made by our courts upon the proposition since such act became operative, have been founded upon the general trend of current authority as evidenced by the foregoing quoted decisions, and as stated in *Tone v. Halsey, Stuart & Co., Inc.,* 286 Ill. App. 169, wherein the court, in construing said section 77, said: ''many decisions of courts where similar statutes have been enacted are cited to the effect that only where the trial court has abused its discretion or proceeded upon some clear or manifest misapprehension of a supposed controlling rule of law, will an order for a new trial be reversed. Even in such cases, decisions indicate that courts are reluctant to reverse, and their power to do so is seldom exercised.'' This case is quoted approvingly in *Wagner v. Chicago Motor Coach. Co.,* 288 Ill. App. 402.

It being the law that the trial judge is allowed a broad judgment in the granting of new trials, and that his action in so doing will only be reversed where it affirmatively appears that he has clearly and palpably abused his discretion in that regard, and with the complexity of grave questions which arose upon the trial of this cause, all of which were known to the trial court, and their possible effect upon the jury understood by him, to an extent and in a way which we cannot gather from the written record, we are of opinion that he was placed in a better position to judge whether or not substantial justice had been done by the verdict than could a reviewing court, and we cannot say, therefore, that such discretion was transcended or abused.

*Order affirmed.*