Joseph Beasley, Appellant, v. Arthur Morris, Appellee.

Gen. No. 41,770.

600

Heard in the first division of this court for the first district at the June term, 1941. Opinion filed November 10, 1941.

RICHARD A. HAREWOOD, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of detinue against defendant to recover possession of two insurance policies and deeds to certain burial lots in Lincoln Cemetery. Afterward the statement of claim was amended so as to eliminate any claims to the deeds. Defendant admitted he held the two insurance policies but claimed he had paid premiums on the policies at plaintiff's request amounting to $156 which plaintiff had often promised to pay but had failed to do so. He also claimed $75 from plaintiff for room and board and claimed recoupment for the $156 and he filed a counterclaim for the $75.

October 15, 1940, there was a trial before the court without a jury, a finding against defendant on the counterclaim and in favor of plaintiff on his claim for the policies the court finding defendant was unlawfully detaining the two insurance policies. Judgment was entered accordingly. Nine days thereafter, viz., October 24, 1940, defendant filed with the clerk of the Municipal court a motion to vacate the judgment and

for a new trial, setting up six different grounds, such as, the judgment is contrary to the law and the evidence, etc., none of which throws any light on the subject.

Afterward there were orders and petitions to have defendant show cause why he should not be adjudged in contempt of court for failure to turn over the two insurance policies. Thereafter an affidavit was filed by defendant asking that the rule be discharged, the judgment vacated and a new trial granted. Afterward various orders were entered continuing the matter and on February 5, 1941, the court entered the following order: "This cause coming on for hearing upon motion of the defendant heretofore entered herein to vacate the judgment of October 15th, 1940 and the Court being fully advised in the premises sustains said motion and cause reinstated." While the order is rather badly drawn the effect of it is to vacate the judgment and award a new trial. Thereafter plaintiff filed a notice of appeal in the trial court, various motions were filed and the record was brought to this court April 18, 1941. Plaintiff has filed his brief but defendant has entered no appearance.

Counsel for plaintiff says "Merely filing with the clerk of the trial Court a motion in writing for a new trial and during the term at which judgment was entered, without calling the attention of the Court or of opposing counsel to said motion, is insufficient and does not constitute making a motion for a new trial." In support of this the case of *Morse Co. v. Eaton,* 91 Ill. App. 411, and other cases are cited. We think the contention cannot be sustained because the record discloses the case was heard and judgment entered October 15, 1940. Nine days thereafter, October 24, defendant filed a written motion to vacate the judgment and for a new trial. And the affidavit of counsel for defendant filed December 29, 1940, sets up that on October 30, 1940, pursuant to notice given the day

before, counsel for defendant called up his motion to vacate the judgment and for a new trial and asked that it be set for hearing; that at that time, October 30, plaintiff's counsel appeared before the trial judge in response to defendant's motion and opposed the motion that a time be set for hearing defendant's motion for a new trial on the ground that it was filed in the office of the clerk instead of in open court and that the trial court refused to set the motion for a new trial on that ground. If the court took this view it was error. The facts in the instant case are not analogous to the facts in the case of *Morse Co. v. Eaton.*

In the instant case, the motion to vacate and for a new trial was made nine days after the judgment was entered and was brought to the attention of the court within 30 days after the judgment was entered. Moreover, we think this was the view taken by the trial court because the effect of the order of February 5, 1941, was to vacate the judgment and to award a new trial, from which an appeal is not warranted unless allowed by this court. Paragraph 201, § 77, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.077.]. Where an appeal is taken from an order awarding a new trial, no notice of appeal is required. Supreme Court Rule 30, Rule 20 of this court.

In the instant case since no attempt was made to follow the provisions of the statute and the rules of court, the record is improperly before us and the appeal is dismissed.

*Appeal dismissed.*

McSurely, P. J., and Matchett, J., concur.