In re Estate of Annie F. Velie, Incompetent.
Francis J. Coyle, Appellee, v. Moline National Bank and Marjorie Velie Heard, Conservators of Estate of Annie F. Velie, Incompetent, Appellants.

Gen. No. 9,823.

Dove, J., dissents.

Opinion filed April 28, 1943.

Kenworthy, Harper, Sollo & Graham, of Moline, for appellants; S. R. Kenworthy and R. G. Graham, both of Moline, of counsel.

Francis J. Coyle, *pro se*; Bell, Farrar & Scott, of Rock Island, for appellee; Benjamin S. Bell and Earl L. Scott, both of Rock Island, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This is an appeal from an order of the trial court granting a motion for new trial. Appellee was plaintiff below. The jury returned a verdict for defendants. The court granted plaintiff's motion for new trial, and defendants prosecute this appeal.

The trial court filed written remarks giving his reasons for granting the motion. They clearly indicate he was dissatisfied with the evidence, and that this was the reason he granted the motion for new trial.

At common law, a motion for new trial was addressed to the sound discretion of the trial court, and its discretion on such motion was not the subject of review. However, many States by statute, permit an

appeal from an order granting a new trial. Such provision was incorporated in the present Civil Practice Act of this State. Some jurisdictions permit review of such order only where a question of law is involved, and not where the action of the court rests solely upon questions of fact.

Such motions have long been common to the practice. Their origin is of such extremely ancient date, that it has been referred to as being "concealed in the night of time." It is generally considered that the matter of new trials addresses itself to the sound discretion of the trial court, and where no positive rule of law forbids, a court of general jurisdiction is possessed of an inherent power to grant a new trial where in its opinion, justice requires. In this connection, it is to be remembered that the trial court has a tremendous advantage in its opportunity to observe witnesses as well as the general conduct of a trial, and this is particularly true with respect to cases to be determined upon questions of fact.

It has been said: "Notwithstanding the provision of the recently enacted Civil Practice Act authorizing an appeal from an order granting a new trial, the trial courts are, generally speaking, clothed with a discretion, as at common law, to be exercised in such manner as will best answer the ends of justice when granting motions for a new trial." *Adamsen v. Magnelia,* 280 Ill. App. 418, 422; *Randall v. Randall,* 281 Ill. App. 169, 174; *Barthelman v. Braun,* 278 Ill. App. 384, 388. It has also been said that such motions are addressed to the sound judgment of the trial court, and that its action thereon will not be reversed except in case of a clear abuse of such discretion, which must affirmatively appear. *Couch v. Southern Ry. Co.,* 294 Ill. App. 490, 492; *Josate v. Mack,* 302 Ill. App. 246, 248; *Ledferd v. Reardon,* 303 Ill. App. 300, 307; *Adamsen v. Magnelia, supra,* at p. 422.

A discussion of the evidence in this opinion is not deemed pertinent as the case is to be retried.

The order of the trial court granting motion for new trial is affirmed.

*Order affirmed.*

Dove, J., dissents.