(No. 27198.—

FRANCES BAUMGARDNER, Admx., Defendant in Error, *vs.* PAUL BOYER, Plaintiff in Error.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 12, 1944.*

Sears, O'Brien & Streit, and Charles F. Short, Jr., (Barnabas F. Sears, and Ralph C. Putnam, Jr., of counsel,) for plaintiff in error.

Richard G. Finn, and David C. Ruttenberg, for defendant in error.

Mr. Justice Fulton delivered the opinion of the court:

This is a writ of error to review the action of the Appellate Court for the First District denying plaintiff in error's petition for leave to appeal from an order of the superior court of Cook county granting defendant in error's motion for a new trial from a jury verdict of not guilty in a death case. The defendant in error, Frances Baumgardner, joined in one suit causes of action for herself, individually, to recover damages for her personal injuries, and as administratrix of the estate of her deceased husband to recover damages for the wrongful death of said husband, sustained as the result of a collision between an automobile driven by her husband, in which she was a passenger, and an automobile driven by plaintiff in error.

The causes of action were tried together before a jury which returned a verdict in favor of the plaintiff, Frances Baumgardner, individually, in her suit for personal injuries, assessing her damages in the sum of $5000, and returned a verdict finding the defendant, Paul Boyer, not guilty in the death case. The defendant in error (designated in this case as plaintiff) filed no motion to set aside the verdict in the injury case but did file such motion in the death case. The trial court granted plaintiff's motion for a new trial in the death case. The defendant then filed, in the Appellate Court, a petition for leave to appeal from the order granting the new trial, which petition for leave to appeal was denied. Thereupon plaintiff in error

(referred to as the defendant in this case) sued out this writ of error from this court.

The errors relied upon for reversal are as follows: "The denial by the Appellate Court of plaintiff in error's petition for leave to appeal under the record presented was an arbitrary edict of said Appellate Court, which denied plaintiff in error an appeal under a statute obviously designed to permit him an appeal, and, as such, denied plaintiff in error due process of law under Section 2 of Article II of the Constitution of Illinois and Section 1 of the 14th Amendment to the Constitution of the United States."

The petition for leave to appeal was filed under section 77 of the Civil Practice Act, (Ill. Rev. Stat. 1941, chap. 110, par. 201,) which regulates the procedure for appeals from orders granting a new trial. This section provides that an order granting a new trial shall be deemed to be a final order, but no appeal may be taken therefrom except on leave granted by the reviewing court or by a judge thereof in vacation. Rule 30 of this court, further providing the procedure to be followed on filing an application for leave to appeal, specifically states, "The ruling of the reviewing court upon a petition for leave to appeal from an order granting a new trial, shall be final."

Prior to the passage of the said section 77, and the adoption of Rule 30 by this court, the granting of a new trial was not deemed to be a final order, and no review of the same was possible. It may well be inferred that the legislature enacted the said section to prevent hasty and perhaps arbitrary action on the part of trial courts, and to preserve to a litigant a verdict which was sustained by the record and supported by the testimony in the case. In this case the defendant complains bitterly of the reasons assigned by the trial court for granting a new trial, but under section 77 he was given a chance to have the action of the trial court, and in fact the entire record insofar as it relates to the motion for new trial,

reviewed by the Appellate Court, on its petition for leave to appeal. Provision is made for the filing of briefs by all the parties interested and an opportunity to be heard on every phase of the petition for leave to appeal. The same section of the statute which provides for this additional means of protecting a verdict against an erroneous ruling by a trial court makes the decision of the reviewing court final.

After availing himself of this additional opportunity to protect and enforce his rights, the defendant now says he has been denied due process of law as guaranteed to him under section 2 of article II of the constitution of Illinois and section 1 of the fourteenth amendment to the constitution of the United States.

The plaintiff insists that the constitutional requirements of "due process" are fulfilled when there has been an orderly proceeding wherein the defendant is served with notice and has an opportunity to be heard and to enforce and protect his rights before a tribunal having power to hear and determine the cause; that "due process" is not a guarantee of any particular decision or even a guarantee against an erroneous or unjust decision. In *Valerius* v. *Perry,* 342 Ill. 147, this court said due process of law is "an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine his case." It further holds that if these requirements are met, the fact that the court may have erred in entering judgment is not a denial of due process, nor is a constitutional question involved merely because counsel so asserts in his brief or assignments of error. We have many times said that the constitutional requirement of due process of law is not a guaranty that the courts will not commit error in the trial of causes or a guaranty against erroneous or unjust decisions by courts which have jurisdiction of the

parties and the subject matter, and that a constitutional question is not involved so as to give this court jurisdiction of a direct appeal from a trial court where the judgment or decree is attacked on the ground that its enforcement will deprive the person against whom enforcement is sought of his property without due process of law. The question in such case is the validity of the judgment or decree and not the constitutional question of due process of law. *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316; *Anderson* v. *Inter-State Business Men's Ass'n,* 342 Ill. 612.

Defendant does not deny the soundness of such law as applied to the cases cited but contends that the doctrine is inapplicable here because there is in this case involved the denial of an appeal, and that defendant is seeking a hearing upon the merits on appeal. He has cited many cases in support of this view which he says are not answered in the brief of the plaintiff.

In *People ex rel. Dombroski* v. *O'Connell,* 378 Ill. 346, certain children filed a petition for the appointment of a conservator for their father. The parent and two others of the children were made parties defendant. The probate court denied the petition. Appellants sought an appeal to the circuit court as provided by section 330 of the Probate Act of 1939. The probate judge denied the right to appeal. Appellants then filed a petition in the circuit court for the issuance of a writ of *mandamus* to compel the probate judge to grant an appeal. The appellee filed a motion to strike the petition on the grounds that appellants had no appealable interest and were not persons aggrieved by the order denying the appointment of a conservator. The circuit court sustained the motion to strike and dismissed the petition. On appeal to this court the only question raised was whether the appellants had an appealable interest in a case of that character. This court held, in reversing the circuit court, that since

appellants were next of kin and would be liable for the support of the alleged incompetent father if his estate was wasted, they were persons aggrieved as described in the statute and should be given a right to be heard on appeal from the probate court denying their petition for appointment of a conservator. Here was a clear denial of a right to appeal provided by the statute.

In *Boykin* v. *Huff,* 121 Fed. (2d) 865, the Court of Appeals for the District of Columbia held that the conduct of the trial court prevented an indigent defendant from exercising his right of appeal, and thereby deprived him of the benefit of due process of law.

In *United States ex rel.* v. *Mills,* 21 Fed. Supp. 616, a writ of *habeas corpus* was issued in the district court of Pennsylvania on the averment that the relator was in custody in violation of the fourteenth amendment to the constitution of the United States. The relator as defendant in a criminal case had been acquitted in the State court but the trial judge concluded he was not a person of good fame, and likely to endanger public peace, and under the terms of a statute of that State ordered him to enter bail in the sum of $25,000 to keep the peace, and, on failure to enter bail, he was committed to the county jail. The Federal district court merely held that it was the duty of the relator to present his case to the appropriate State appellate tribunal before he may ask the Federal courts to intervene.

In *State ex rel. Hahn Co.* v. *Anderson,* 269 Mo. 381, a question was involved over a statute which provided "the plaintiff shall be allowed to dismiss his suit or take a non suit at any time before the same is finally submitted to a jury, or to the court sitting as a jury, or to the court, and not afterward." In a trial before a jury a verdict was returned in favor of the defendants. Motion for new trial was made by the plaintiffs, and, after due consideration, granted by the court. On the day following, with-

out the knowledge or consent of the defendants or their counsel, the plaintiffs came into court and dismissed the cause. Defendants thereupon filed a motion to reinstate the cause to the end that they might appeal from the order granting the new trial as under the statute of that State they were entitled. The circuit court denied the motion and defendants filed in the Supreme Court of Missouri an original petition for *mandamus* to compel the trial court to reinstate the cause and grant an appeal from the order sustaining a motion for a new trial. In holding that the circuit court was in error and that the relators were entitled to their appeal, the writ of *mandamus* was allowed. In that case the plain right to appeal from an order granting a new trial was denied the defendants.

Defendant asserts that it was the intention of the legislature by the passage of section 77 of the Civil Practice Act to secure to the aggrieved party the right to have his petition for leave to appeal granted or denied by the Appellate Court in the exercise of sound judicial judgment guided by rules of law. We believe that the defendant in this case has had the benefits of all the rights accorded to him under the laws of the State of Illinois concerning the review of a ruling on a motion for new trial. In *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155, this court said, "Waiving the question of the effect of the attempt of the legislature to designate an interlocutory order as a final judgment, the clear intent expressed in section 77 of the Civil Practice Act was to provide for appeals from orders granting new trials, * * *. By section 77 the only additional power conferred on Appellate Courts was to review orders granting new trials. It may either affirm, or reverse and set aside, such an order."

In the case of *Wettaw* v. *Retail Hardware Mutual Fire Ins. Co.* 285 Ill. App. 394, set out so prominently in the brief of defendant, it was also said that obviously, whether a review of an order granting a new trial may be had is

a matter which necessarily rests very largely within the discretion of the Supreme or Appellate Court, or by a justice of such court, if the application be presented in vacation.

Under the terms of section 77, we believe it was the intention of the legislature that no appeal should be taken from an order granting a new trial except in the manner prescribed by section 77 and in accordance with Rule 30 of this court.

It is our opinion that the defendant has not been denied due process of law and that no debatable constitutional question is involved in this case.

The writ of error will therefore be dismissed.

*Writ of error dismissed.*