Cecilio Rodriguez, Plaintiff-Appellant, v. Chicago Transit Authority, Defendant-Appellee.

Gen. No. 49,873.

First District, Third Division.

April 15, 1965.

Sidney S. Altman, of Chicago, for appellant.

William J. Lynch, William S. Allen, Jerome F. Dixon and Francis T. Delaney, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The question presented in this case is whether the plaintiff-appellant has properly appealed from an order granting the defendant a new trial.

The action was one for personal injuries and the jury returned a verdict for the plaintiff in the sum of $1,000. The defendant filed a motion for a new trial on the principal ground that the verdict was contrary to the weight of the evidence. Subordinate grounds, alleged in general terms, were that the verdict was

contrary to law, that the jury ignored the instructions of the court and that it was influenced by sympathy. The motion was allowed, the plaintiff's judgment vacated and a new trial ordered. A few days later the plaintiff waived his right to a new trial and filed an affidavit in support of his motion for waiver. Subsequently he obtained, on his own motion, an order striking that portion of the original order which granted a new trial and substituting in lieu thereof the following language:

"It is further ordered that the defendant, Chicago Transit Authority, a Municipal Corporation, go hence without day, without prejudice to the appeal rights of either party."

The plaintiff has prosecuted a direct appeal from the order vacating his judgment which as amended includes the above quoted language.

His purpose in attempting this method of appellate review is to circumvent Supreme Court Rule 30 which governs appeals from orders granting new trials and which was in effect on May 8, 1964, the date the order was entered. It provides:

"On leave granted by the Appellate Court an appeal may be taken to that court from an order granting a new trial."

The plaintiff chose not to avail himself of this leave to appeal provision. He reasoned that if he could get an order in the trial court that was final in itself he could force this court to entertain his appeal without first obtaining leave. Accordingly, he waived his right to a new trial and moved the trial court to enter judgment for the defendant—which judgment effectively disposed of the case as the words, "the defendant . . . go hence without day" are held to be the language of final judgment for a defendant. Chicago

153

Portrait Co. v. Crayon Co., 217 Ill 200, 75 NE 473; Barrow v. Robinson, 28 Ill App2d 358, 171 NE2d 663. The plaintiff then appealed from this judgment. The issue thus presented is whether a party can arbitrarily circumvent the established method of appealing from an order granting a new trial by sacrificing his right to the new trial and securing a final and therefore appealable judgment order against himself.

The plaintiff's reasons for endeavoring to bypass Rule 30 are twofold: he does not want to retry his case and he wants his appeal judged by a standard different from the one that is applied to petitions for leave to appeal from orders granting a new trial.

He does not want to retry his case because he fears the result of another trial. He candidly acknowledged in the affidavit filed in support of his motion for an adverse judgment that his case would probably be less strong if tried a second time because there was admitted into evidence in the first trial, by agreement, a hospital record containing hearsay evidence favorable to him. He thinks that the hospital record is vulnerable to objection and that it is unlikely that the defendant would make the same "blunder" in another trial.

██ By avoiding a conditional appeal the plaintiff hopes to obtain the application of a more advantageous standard to the evidence produced in the trial court. Although he contends that the evidence sustained the verdict and that this court should so find, he was not so sure that this would be the finding under the standard that has developed pertaining to appeals from orders granting new trials. In Potter v. Ace Auto Parts & Wreckers, Inc., 49 Ill App2d 354, 199 NE2d 618, this court said:

> "A motion for a new trial is addressed to the discretion of the trial judge and his judgment thereon will not be reversed except for a clear abuse of

154

such discretion, which must affirmatively appear in the record. The trial judge has an advantage over a court of review in that he has an opportunity to observe at firsthand the conduct of the trial, the demeanor of witnesses and counsel, the reaction of jurors to evidence and argument and the effect upon them of incidents that occur during the trial. If he is of the opinion that the verdict of the jury is not sustained by a preponderance of the evidence or that improper conduct or argument influenced the verdict, he should grant a new trial."

■ ■ When a petition is filed asking leave to appeal from an order granting a new trial, the reviewing court examines the record and studies the briefs to ascertain if the trial court was within its discretion in depriving the victorious party of his judgment. If there is a fairly debatable question whether the discretion was properly exercised the petition will be granted. Where the trial court has not stated the reason for its order, the reviewing court turns to the losing party's post-trial motion, for it is presumed that the errors there alleged prompted the order. In the instant case the court gave no explanation for entering the order. The defendant's post-trial motion, however, repeatedly asserted but one specific error: that the verdict was against the weight of the evidence. Under these circumstances it must be presumed that the trial court was of the opinion that the evidence did not preponderate in favor of the plaintiff, for it is the duty of the trial court to set aside a jury verdict if, in the judgment of the court, the verdict is not in accord with the weight of the evidence. Donelson v. East St. Louis & S. R. Co., 235 Ill 625, 85 NE 914; In re Estate of Velie, 318 Ill App 550, 48 NE2d 431; Wagner v.

Chicago Motor Coach Co., 288 Ill App 402, 6 NE2d 250; Barthelman v. Braun, 278 Ill App 384.

■ The reviewing court in this case, therefore, would have had but one task—that of examining the evidence to see if it supported the jury's verdict; and it would have had but one test—that of the greater weight of the evidence. Corcoran v. City of Chicago, 373 Ill 567, 27 NE2d 451; Goodrich v. Sprague, 385 Ill 200, 52 NE2d 250; Bollin v. Galesburg Horse & Mule Co., 276 Ill App 256. If the reviewing court concluded that the evidence preponderated in the defendant's favor or that the trial court's discretion was not abused, the order would be affirmed. On the other hand, if the reviewing court concluded that the evidence preponderated in the plaintiff's favor, the order would be reversed and the case would be remanded with directions to set aside the order granting a new trial and to proceed in due course. Goodrich v. Sprague, supra; Kavanaugh v. Washburn, 387 Ill 204, 56 NE2d 420.

Therefore, if the plaintiff was correct in his estimation of the evidence he had nothing to lose by following the prescribed appeal procedure; he would have regained his judgment and would have avoided a new trial.

■ By the present form of appeal he expects to evade both the latitude given the trial court and the greater weight of the evidence standard. He states in his brief that, "[T]he question is the manifest weight of the evidence." The rule that a court of review will not set aside the verdict of a jury unless it is against the manifest weight of the evidence or an opposite conclusion is clearly indicated would be of great benefit to the plaintiff if it were applicable—but it is not. This rule is applied by a court of review when the jury's verdict has been approved by the trial court, and the court's approval of the verdict is the core of the

rule. In the present case the court disapproved of the verdict.

■ There is another standard that would benefit the plaintiff and which he naturally would like to have used. The order before us is equivalent to a judgment notwithstanding the verdict: there was a verdict for the plaintiff but judgment was entered for the defendant. This form of judgment preserves for review only a single question: whether there is any evidence which, taken in the light most favorable to the plaintiff, sustains his complaint and supports the jury's verdict. Seeds v. Chicago Transit Authority, 409 Ill 566, 101 NE2d 84; Hughes v. New York Cent. System, 20 Ill App2d 224, 155 NE2d 809. If this standard of review were to be applied it would in effect be permitting the plaintiff to unilaterally reduce the quantum of evidence required to reverse an order granting a new trial. We do not believe a litigant should be allowed to thus arbitrarily adjust the standard of review to his favor.

■ The plaintiff argues that what he is doing in this case parallels the procedure which was hitherto available for making an interlocutory order of the Appellate Court final and appealable. Ill Rev Stats, 1963, chap 110, sec 75(2)(c). The affidavit in support of his waiver of a new trial was filed with this procedure in mind. An order of the Appellate Court reversing a judgment of the trial court and remanding the cause for a new trial is not a final order. An amendment to the Civil Practice Act of 1933, which became effective in 1942 (and which was thereafter incorporated into the 1955 Act), provided that such an order could be made final by the filing of an affidavit and a motion by the party whose judgment had been reversed. The affidavit would relate that the party could produce no further evidence in another trial and that he would waive his right to a new trial. The motion would be to

157

strike the remanding portion of the Appellate Court's order. The statute provided that upon the presentation of the affidavit and motion the Appellate Court had to amend its order in accordance with the motion. A final order was thereby created from which an appeal could be taken, by leave, to the Supreme Court. Although the Practice Act of 1907 and the Civil Practice Act of 1933 contained no provision for making final for the purpose of review an Appellate Court judgment reversing and remanding a case, the amendment of 1942 authorizing this procedure merely codified the prevailing practice. See Reynolds v. Chicago City R. Co., 287 Ill 124, 122 NE 371, and the Historical and Practice Note, SHA, chap 110, sec 199. The only difference between the 1942 statute and the prevailing practice was that the statute made it mandatory for the Appellate Court to amend its remanding order upon the filing of the appropriate affidavit and motion, whereas prior to this striking the remanding order was discretionary with the court. Under the present law it is no longer necessary to file an affidavit or move to strike the remanding order. Section 75(2)(c) of the Civil Practice Act was repealed by implication by section 5 of the Judicial Article of 1964, and was repealed specifically by the legislature as of January 1, 1964; and the Supreme Court now has the right to review, by leave to appeal, nonfinal judgments of the Appellate Court. Supreme Court Rule 32(1)(a).

Because a litigant was able to make final an otherwise interlocutory order, and because the courts approved the procedure prior to 1942 notwithstanding the fact that there was no statutory authorization for it, the plaintiff contends that he can do the same thing. He argues that the appellate procedure approved in Reynolds v. Chicago City R. Co., supra, and the procedure he pursued in this case are essentially the same and that the factual situations are alike. While

it is true that there are many points of similarity between the procedures and the factual situations in the two cases, there are also differences, and the insurmountable one is that there is a specific rule which controls the procedure in appealing from an order granting a new trial.

 An order granting a new trial is interlocutory. No final determination is made on the merits of the controversy or of any issue in the controversy and no decision is reached as to the rights or liabilities of the parties. The case reverts to the position it was in before the trial started. Under the common law an order granting a new trial was held not to be a final judgment (Williams v. LaValle, 64 Ill 110 (1872)), and no appeal could be taken from such an order. Appellate jurisdiction was limited by statute to appeals from final judgments, orders or decrees. Section 8, Appellate Court Act of 1877, Ill Rev Stats, 1933, chap 37, par 32; section 91, Practice Act of 1907, Ill Rev Stats, 1933, chap 110, par 91; Scott v. Freeport Motor Cas. Co., 379 Ill. 155, 39 NE2d 999. The first statutory authorization for an appeal from an order granting a new trial was given in the 1933 Civil Practice Act which went into effect on January 1, 1934. This Act extended appellate jurisdiction over the theretofore non-final order by providing:

> "An order granting a new trial shall be deemed to be a final order, but no appeal may be taken therefrom, except on leave granted by the reviewing court. . . ." Art VIII, sec 77 of the Civil Practice Act (1933); Smith-Hurd Rev Stats 1935, chap 110, par 201.

This liberal provision was designed to prevent hasty and perhaps arbitrary action on the part of trial courts, to prevent a verdict warranted by the record and justified by the evidence from being lost to the

party fairly entitled thereto and from forcing him to undergo the hazards of another trial with further incidents of delay and expense. Baumgardner v. Boyer, 384 Ill 584, 52 NE2d 247; Wettaw v. Retail Hardware Mut. Fire Ins. Co., 285 Ill App 394, 2 NE2d 162; Levin, Appeals—Order for a New Trial is Final Appealable Order, 2 John Marshall Law Quarterly 428, 430, 1936–37. Although, for the purpose of appeal, an order granting a new trial was "deemed final" it was in reality a tentative finality dependent on permission to appeal being given by the reviewing court; what the legislature did was to grant a conditional appeal to an interlocutory order. In this important respect it differed from orders which were final of and by themselves and from which appeals could be taken as a matter of right. Kavanaugh v. Washburn, 387 Ill 204, 56 NE2d 420.

The Civil Practice Act of 1955 (effective January 1, 1956) contained the same provision in substantially the same language. However, the words "deemed to be a final order" were eliminated from the new Act:

> "An appeal may be taken from an order granting a new trial on leave granted by the reviewing court, . . ." Ill Rev Stats 1957, chap 110, sec 77(2).

Section 77 was repealed by the legislature in 1963 pursuant to section 7 of Article VI of the Constitution of Illinois, which states in part:

> "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court."

Pursuant to this constitutional authority the Supreme Court adopted Rule 30 (heretofore quoted) which preserves the right to appeal from an order granting

a new trial, subject to leave being granted by the Appellate Court.

Although appeals from final judgments of the Circuit Court now lie as a matter of right to the Appellate Court (section 7, article VI; section 8.1, Appellate Court Act, Ill Rev Stats 1963, chap 37, par 32.1) appeals are governed by rules of the Supreme Court or, where an applicable rule has not been adopted, by an applicable statute. What has been said by our courts prior to the adoption of the new Judicial Article in reference to the statutory regulation of appeals applies with equal force to the rules of court. In Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, the court said:

> "The right to appeal is purely statutory and may be exercised only within the limits prescribed by legislative grant."

In Drainage Com'rs. of Town of Niles v. Harms, 238 Ill 414, 87 NE 277, it was stated: "The general rule that a right to an appeal is purely statutory has been settled beyond controversy, . . . a party to avail himself of the right, must conform to the conditions prescribed by statute." In Golliday v. City of Alton, 277 Ill App 26, the court stated:

> "The right to have a case reviewed on appeal was unknown at the common law and exists only by virtue of statutory enactment. . . . The legislature in making provision for this right of appeal had the right to prescribe the terms upon which it could be taken and the time within which application for leave to appeal should be made and a party who wishes to avail himself of such right must conform to the terms prescribed by statute and rules of court adopted pursuant to such statute."

161

The language used by the court in Anderson v. Steger, 173 Ill 112, 50 NE 665, is also apropos to the present case:

> "An appeal . . . is a purely statutory right created by statute in connection with the constitution, and must be exercised in such cases, and upon such conditions and by such persons as are authorized by statute. The statute confers new rights and prescribes a remedy unknown to the common law, which must be strictly pursued."

Illinois reviewing courts have dismissed attempted direct appeals from orders vacating judgments and granting new trials and have held that the provisions of the leave to appeal statute had to be followed. S. J. Blume, Inc. v. Vernon Baim Flower Co., 331 Ill App 618, 73 NE2d 785; Beasley v. Morris, 311 Ill App 599, 37 NE2d 359. While these cases may be distinguished in that they did not involve appeals from orders possessing technical finality, they do demonstrate the court's insistence that the correct procedure be followed. And in Baumgardner v. Boyer, 384 Ill 584, 52 NE2d 247, the court made this declaration:

> "Under the terms of section 77, we believe it was the intention of the legislature that no appeal should be taken from an order granting a new trial except in the manner prescribed by section 77 and in accordance with Rule 30 of this court."

██ ██ Where a rule or a statute expressly outlines the procedure to be taken on an appeal that procedure must be followed exactly. We hold therefore that the leave to appeal procedure provided by Supreme Court Rule 30 is the exclusive method of securing appellate review of a trial court order setting aside a verdict and awarding a new trial.

By waiving a new trial and having a judgment entered in behalf of his adversary, the plaintiff voluntarily relinquished any right to a new trial. By deliberately evading Rule 30 the plaintiff closed the door on his own appeal. The appeal is dismissed.

Appeal dismissed.

SULLIVAN and SCHWARTZ, JJ., concur.