Earlene King, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, Defendant-Appellee.

Gen. No. 49,627.

First District, Second Division.

December 1, 1964.

Arthur S. Gomberg and Philip E. Howard, of Chicago (Samuel Nineberg, of counsel), for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Harry H. Pollack, Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This was an action for personal injuries sustained by plaintiff as the result of a fall on a public sidewalk. The jury returned a verdict in the amount of $1,000 for plaintiff, although she requested $65,000 in damages and although her medical evidence indicates that she would have been entitled to substantially more than $1,000 if she proved that defendant was liable. Plaintiff's post-trial motion for a new trial on the question of damages alone was denied. The denial of the motion was based on the fact that the trial judge was of the opinion that "the proof as to liability was extremely thin and the jury's verdict in favor of plaintiff for $1,000 was a compromise of liability against damages and that therefore (citing cases), while a complete new trial, if requested, would have been proper, a new trial limited to damages only was not." Plaintiff appeals from this ruling on the ground that, since the jury in fact found defendant liable as charged, a new trial as to damages alone was therefore proper since her medical evidence was uncontradicted and shows that she was entitled to substantially more than $1,000.

Plaintiff's praecipe for record on appeal requested, and the trial judge certified, only that part of the evidence concerning the question of damages. The record consequently contains no evidence relating to the question of defendant's liability.

█ It is well settled that a court is not justified in ordering a new trial on damages alone where it appears that the damages awarded by the jury were the result of a compromise on the question of liability. Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE2d 275; Kinsell v. Hawthorne, 27 Ill App2d 314, 169 NE2d 678. Where, on the other hand, the record shows that there was enough evidence for a jury to find a defendant liable, then the court may order a new trial on the question of damages alone where it

appears that the jury improperly assessed the amount of the damages. Thus, if the trial court here was in error in denying plaintiff's post-trial motion for a new trial on the question of damages alone, it could have been only because plaintiff had presented enough evidence at trial to enable the jury to find defendant liable, but that the jury improperly assessed the amount of the damages.

Since the trial court's ruling on plaintiff's motion was based on the fact that he felt that the jury's verdict was the result of a compromise of liability against damages, it was incumbent upon plaintiff to show on this appeal that there could have been no such compromise for the reason that defendant's liability was established by her evidence. This could have been done only by plaintiff presenting the record of liability evidence to this court, which she has failed to do.

▇▇▇ Further, it is well settled that where the determination on appeal of whether a particular decision of the lower court constituted error depends on evidence, and the record on appeal does not show or purport to show all pertinent evidence on which the decision is based, it will be presumed by the reviewing court that the evidence omitted would support the decision of the lower court. Union Drain. Dist. No. 5 v. Hamilton, 390 Ill 487, 61 NE2d 343; Goldschmidt v. Chicago Transit Authority, 335 Ill App 461, 82 NE 2d 357; ILP Appeal & Error § 715. Upon appeal, every reasonable intendment not negatived by the record will be indulged in support of the judgment. Union Drain. Dist. No. 5 v. Hamilton, 390 Ill 487, 61 NE2d 343. We are unable to say that the trial court erred in holding that the jury's verdict was a compromise between liability and damages, and in denying plaintiff's motion for a new trial on the question of damages alone.

Plaintiff would place the burden of perfecting the record on appeal as to liability upon defendant for the reason that the question of liability was resolved by the jury against defendant. One who receives an unfavorable verdict at trial, however, is not obligated to appeal if he chooses not to appeal. On the contrary, the burden of perfecting the liability record is upon plaintiff under the circumstances of this case since she, not defendant, is appealing from the trial court's ruling that the question of liability was close and that the jury's verdict of $1,000 represented a compromise between liability and damages, and from its consequent denial of plaintiff's post-trial motion for a new trial on the question of damages alone. The order denying plaintiff's post-trial motion is affirmed.

Order affirmed.

FRIEND and BRYANT, JJ., concur.