CLARENCE H. MARTINO, Admr., of the Estate of HERBERT L. HAZEN, JR., Deceased, *et al.*, Plaintiffs-Appellees, *v.* NED THOMAS BARRA *et al.*, Defendants-Appellees—(MT. VERNON TIRE SERVICE CORPORATION, Defendants-Appellants.)

ANTON HALMEL *et al.*, Counterdefendants-Appellees, *v.* NED THOMAS BARRA *et al.*, Counterplaintiffs-Appellees—(MT. VERNON TIRE SERVICE CORPORATION, Counterdefendant-Appellant.)

(No. 56371;

First District (4th Division)—January 31, 1973.

Jerome M. Brooks and Gilbert Gordon, both of Chicago, for appellant.

James A. Dooley, of Chicago, for appellees.

Nat P. Ozmon, of Chicago, for counterplaintiffs-appellees.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (Leonel I. Hatch, Jr. and D. Kendall Griffith, of counsel,) for appellees Ned Barra and Leon B. Stilley.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This action was brought to recover damages for the wrongful deaths of Herbert Hazen, Jr., Josephine Hazen and Charlotte Thacker. There were multiple plaintiffs and defendants. The jury returned a verdict on February 3, 1964, for all the defendants against the plaintiffs. Post-trial motions were filed by the plaintiffs for judgment notwithstanding the verdict and for a new trial on the issue of damages only. Other post-trial

motions were also filed by the respective parties. Plaintiffs' motions for judgment notwithstanding the verdict and for a new trial on the issue of damages only were granted as to defendants, Ned Thomas Barra and Mt. Vernon Tire Service (hereinafter referred to as Mt. Vernon) on March 6, 1964. Motions by certain cross-claimants were also granted.

Defendants Barra and Mt. Vernon appealed to this court. On October 5, 1965, the Appellate Court filed an opinion reversing the order of the Circuit Court and remanding the cause with directions. On rehearing, however, the Appellate Court dismissed the appeal with respect to three of the appellees on the ground that the Circuit Court order was not final and appealable. (*Martino v. Barra*, 67 Ill.App.2d 328, 215 N.E.2d 12.) The Supreme Court affirmed the dismissal of the appeal and remanded the cause to the Circuit Court for further proceedings. *Martino v. Barra*, 37 Ill.2d 588, 229 N.E.2d 545.

On remand to the Circuit Court, the plaintiffs and counter-plaintiffs moved the court to vacate the judgment notwithstanding the verdict and to allow them to amend their post-trial motions to request a new trial on all the issues. The trial court, over objections, granted their motions, and ordered a new trial as to all issues and all parties.

On January 15, 1969, the defendants, Ned Barra, Leon B. Stilley Construction Co., Leon B. Stilley, and Mt. Vernon Tire Service Corp., pursuant to Supreme Court Rule 306, Ill. Rev. Stat. 1969, ch. 110A, par. 306(a)(1), jointly petitioned this Court for leave to appeal from the order of the Circuit Court granting the new trial. Leave to appeal was denied on May 27, 1969. The cause was then retried before another judge. On retrial, a jury found Mt. Vernon solely liable to all plaintiffs and counter-plaintiffs. The amount of the judgments entered on the verdicts is not here in issue.

On appeal from the judgment entered against it, Mt. Vernon now contends that (1) the original trial court erred in entering judgment against Mt. Vernon notwithstanding the verdict of the jury, (2) the subsequent order by the same judge granting a new trial on all the issues constituted an abuse of discretion and was contrary to the instructions of the Supreme Court, (3) on retrial, the trial court improperly instructed the jury with respect to the theory of *res ipsa loquitur*, and (4) erroneously permitted the jury to hear evidence implying that the only insurance coverage available was that of Mt. Vernon.

Initially, Mt. Vernon is requesting that we again pass upon the question of whether the Circuit Court erred in setting aside the jury verdict and granting a new trial. This we cannot do. The record reveals that Mt. Vernon, jointly with others, filed a petition for leave to appeal from the order granting a new trial. In the petition, filed in this court under file

number 53711 on January 15, 1969, Mt. Vernon contended that the order granting a new trial on all issues was inconsistent with the views of this court and with the mandate of the Supreme Court. The arguments made in the petition are substantially similar to Mt. Vernon's contentions on this appeal. The Appellate Court denied the petition for leave to appeal, and the parties proceeded to retry the case.

■■ Supreme Court Rule 306, formerly Rule 30, provides that, "An appeal may be taken from an order of the Circuit Court granting a new trial only on the allowance by the Appellate Court of a petition for leave to appeal," Ill. Rev. Stat. 1969, ch. 110A, par. 306(a)(1). This is the sole means of securing review of an order granting a new trial. *Rodriguez v. Chicago Transit Authority*, 58 Ill.App.2d 150, 162, 206 N.E.2d 828, 834-5.

■■ Mt. Vernon's petition for leave to appeal from the order of the trial court granting a new trial was denied by this court on May 27, 1969. Both the original order granting judgment notwithstanding the verdict of the jury and ordering a new trial of the issue of damages, and the subsequent revised order granting a new trial on all the issues were considered by this court at that time and are not properly before us on this appeal.

■■ We note that Mt. Vernon predicates its argument on the sole authority of remarks contained in the original Appellate and Supreme Court opinions. In a subsequent opinion, the Supreme Court, affirming the Appellate Court, dismissed the appeal on the ground it was piecemeal, and remanded the cause to the Circuit Court. Supreme Court Rule 369 (b), Ill. Rev. Stat. 1969, ch. 110A, par. 369(b), states:

> "When the reviewing court dismisses the appeal * * * and the mandate is filed in the circuit court, * * * proceedings may be conducted as if no appeal had been taken."

Since the Appellate and Supreme Courts found they had no jurisdiction, the original opinions on which Mt. Vernon relies can have no effect.

Mt. Vernon next contends that on the re-trial of this case, the court over appellant's objection improperly instructed the jury with respect to the theory of *res ipsa loquitur*. The instruction complained of reads as follows:

> "Under one of the theories of the plaintiffs and counter-plaintiffs alleged against the defendants, Ned Thomas Barra, Leon B. Stilley d/b/a Leon B. Stilley Construction Company, and Mt. Vernon Tire Service, Inc., the plaintiffs and counter-plaintiffs have a burden of proving each of the following propositions:
>
> First: That the plaintiffs and counter-plaintiffs sustained injury or damage.

Second: That the injury or damage was received from a wheel of a concrete mixer truck which was or had been under one or more or all of the defendant's control.

Third: That in the normal course of events, the wheels would not have come off of said truck and the injury or damage would not have occurred if any or all of the defendants had used ordinary care while the wheel of the cement mixer truck was under his or their control.

If you find that each of these propositions has been proved, the law permits you to infer from them that a defendant or defendants were negligent with respect to the wheel of the cement mixer truck while it was under his or their control. If you draw such an inference your verdict must be for the plaintiffs and counter-plaintiffs if any injury or damage proximately resulted. But if, on the other hand, you find that any of these propositions has not been proved, or if you find that the defendant or defendants used ordinary care for the safety of others in his or their control of the wheel of the cement mixer truck, then your verdict should be for the defendant."

The factual situation essential to this issue may be briefly summarized as follows:

On August 26, 1958, sometime after noon, a Cities Service Oil Company tractor-trailer, driven by Anton Halmel, was northbound on Route 37, a two-lane highway. Southbound was a Leon B. Stilley Construction Company concrete mixer truck, operated by Ned Barra. Also southbound, behind the concrete-mixer truck, was the automobile in which Herbert Hazen, Jr., Josephine Hazen and Charlotte Thacker, all deceased, were riding. As the Cities Service tractor-trailer and the concrete-mixer approached each other, the two left rear dual wheels of the mixer truck came off, rolled down the highway into the northbound lane and collided with the Cities Service truck. To avoid the collision, Halmel applied the brakes and attempted to turn his vehicle to the right, but the Cities Service tractor-trailer went into the southbound lane and collided with the automobile containing the deceased persons.

The record further shows that 15 days prior to the collision, on August 11, 1958, the concrete-mixer had a flat tire and Mt. Vernon was called to replace it. The wheel repaired by Mt. Vernon was one of those involved in the occurrence. Mt. Vernon's employee testified that he removed the outside left tire and wheel and changed the tire. When he replaced the tire he tightened the lugs with a wrench and a cheeter bar, which he used for leverage. He stated that if the procedure he described

is done correctly, the nuts should not come off in 13 or 14 days by themselves. The truck was used daily after the repair and nothing unusual was noticed about any of its wheels.

Mt. Vernon contends that the giving of a *res ipsa* instruction under the facts and circumstances of this case was erroneous. It stresses that the tire was repaired 15 days prior to the collision, and that during that period, other persons, not involved herein, had control of the concrete-mixer truck. Mt. Vernon also points out that from August 11, 1958, when the wheel was repaired, until the time of the occurrence, the truck was in full and heavy use, and while not in use, was parked in an open space on the truck lessee's premises. Mt. Vernon argues that on these facts; it is no more logical to infer that the wheel came off because of Mt. Vernon's lack of due care than to infer that it came off from a multitude of other causes.

■■ It is well established that the instrumentality causing the injury need not be in the control of the defendant at the time the injury occurred to justify the giving of a *res ipsa* instruction. A similar argument was rejected in *Moore v. Jewel Tea Co.*, 116 Ill.App.2d 109, 253 N.E.2d 636, aff'd 46 Ill.2d 288, 263 N.E.2d 103, where a can of Drano exploded while in the possession of the purchaser some 10 months after it had left defendants' control. Defendants argued that during that period, the can of Drano was in the custody and control, not of the defendants, but of various common carriers, unidentified employees and customers of the Jewel Tea Co., and the plaintiff and members of her household. In holding that it was not error to submit the case to the jury on a *res ipsa* instruction, we quoted from the Illinois Jury Instruction Committee comment to IPI 22.01 as follows:

> "The agency or instrument which causes the injury need not be in the control or management of the defendant at the time the injury occurs. It is sufficient if the instrument has been in the control of the defendant at a time prior to the injury and there is no rational ground upon which to impute negligence to another with respect to the instrumentality after it left the defendant's control. Cobb v. Marshall Field & Co., 22 Ill.App.2d 143, 152, N.E.2d 520, 524; Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 270, 139 A.2d 404, 409 (1957)." 116 Ill.App.2d at 135, 253 N.E.2d at 648.

■■ In *May v. Columbian Rope Co.*, 40 Ill.App.2d 264, 189 N.E.2d 394, the defendant rope manufacturer unsuccessfully claimed that *res ipsa* was inapplicable because it had parted with control of the rope. There the court stated,

> "Decisions from other states and recent cases here reject this in-

flexible application of a rule of control and hold that a defendant in a res ipsa loquitur case cannot automatically defeat an allegation of negligence with a bare showing that, before harm struck, it had parted with control of the harmful instrumentality. (Prosser, Torts 206 (2d ed 1955).)

The demonstrable trend of these authorities is to determine from the nature of the defective instrumentality and the surrounding circumstances whether the inference of the defendant's negligence is strong enough to survive the fact that, between the defendant's control and the plaintiff's injury, another possession intervened. If a reasonable inference of negligence does survive, liability has been imposed." 40 Ill.App.2d at 271, 189 N.E.2d at 397.

In the instant case, Mt. Vernon removed the wheel, repaired it, and replaced it on the truck 15 days before the accident occurred. There was no evidence from which to impute negligence with respect to the wheel to any other party. Under the circumstances, we do not think the trial judge erred in submitting the *res ipsa loquitur* instruction to the jury.

■■ Mt. Vernon also contends that at the retrial, the court permitted the jury to hear evidence implying that the only insurance coverage available was that of Mt. Vernon. We are not in accord. In the course of *voir dire* examination, four jurors were asked if they were financially interested in Transamerica Corp. or in the Reliance Insurance Companies. The questions were asked pursuant to a motion and affidavit filed by plaintiffs indicating that Mt. Vernon was insured by the Reliance Insurance Companies and that Ned Barra and Leon B. Stilley were insured by the Transamerica Corp. This particular procedure was approved by the Supreme Court in *Haymes v. Catholic Bishop of Chicago*, 41 Ill.2d 336, 341, 243 N.E.2d 203, 205-6. No reference, however, was made to Mt. Vernon during the *voir dire* examination.

■■ Mt. Vernon argues that it was error subsequently to allow defendant Stilley to testify regarding the lack of coverage of the concrete-mixer truck under his policy of insurance. As pointed out in *Seyferlich v. Maxwell*, 28 Ill.App.2d 469, 475-6, 171 N.E.2d 806, 809, the topic of insurance is proper under many circumstances.

"The general rule is that insurance coverage is inadmissible on the grounds of irrelevancy as it has no bearing on the question of negligence. The doctrine is in transition, however, and there have been established numerous exceptions and competing considerations. It is admissible to show agency, ownership or control of the vehicle or instrumentality (Vacker v. Yeager, 151 Ill.App. 144, Watson v. Trinz, 274 Ill.App. 379) or to show bias or interest of a witness. Moore v. Young, 317 Ill.App. 474, 46 N.E.2d 852. It

may be elicited unintentionally by examining counsel when the witness, unaware of the conspiracy of silence, makes an unresponsive reference to insurance. McCormick on Evidence, p. 356. Reitz v. Yellow Cab Co., 248 Ill.App. 287. Hoffman v. Jenard, 334 Ill. App. 74, 78 N.E.2d 322. It may also be introduced in evidence when a party makes a statement amounting to an admission of liability and the jury is thereby incidentally apprised of the insurance coverage. 4 A.L.R.2d 781, Garee v. McDonnell, (C.C.A. 7th Ill.) 116 F.2d 78. Finally, the jurors may be questioned on voir dire as to their possible connection or interest in an insurance company when this information is necessary for the intelligent exercise of the right of peremptory challenge and is sought in good faith. Kavanaugh v. Parret, 379 Ill. 273, 40 N.E.2d 501. Wheeler v. Rudek, 397 Ill. 438, 74 N.E.2d 601."

■■■ An examination of the record reveals that no objection was made to Stilley's testimony by counsel for Mt. Vernon. Although counsel for another defendant objected, that objection does not benefit Mt. Vernon. (*Allegretti v. Murphy-Miles Oil Co.*, 280 Ill.App. 378, 391.) Moreover, the conduct complained of was that of counsel for defendant Halmel. The error of one defendant complained of by another defendant is not chargeable to the plaintiff. See *Schmitt v. Chicago City Ry. Co.*, 239 Ill. 494, 499, 88 N.E. 275, 277.

In view of our decision to affirm the judgment of the Circuit Court, we need not consider the alternative requests made by the various parties.

Judgment affirmed.

ADESKO and McGLOON, JJ., concur.