TIMOTHY P. GAINER *et al.*, Plaintiffs-Appellees, *v.* RUDOLPH BATES, Defendant-Appellant.

(No. 56609; 

First District (3rd Division)—August 16, 1973.

Leo J. Spivack and Norman E. Goldman, both of Chicago, for appellant.

Coghlan & Joyce, of Chicago, (Martin D. Coghlan, of counsel,) for appellees.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

In this personal injury action a jury returned a verdict for the plaintiffs Timothy Gainer and Eileen Sweeney Gainer, his wife. Gainer was awarded $2,500 damages and his wife $500. Gainer filed a post-trial motion for a new trial on the issue of damages. The motion was allowed and we granted the defendant's petition for leave to appeal.

The action arose from a collision between an automobile driven by Gainer and a truck driven by the defendant, Rudolph Bates. The accident occurred about 7:00 P.M. on Saturday, September 10, 1966, at the intersection of Ashland Avenue and 72nd Street, Chicago. Ashland is six lanes wide and runs north and south. There is a concrete divider between the three northbound and the three southbound lanes. Seventy-second Street runs east and west. Gainer and his fiancee, Eileen Sweeney, were driving north on Ashland in the lane next to the divider. Bates was driving south on the same street in the lane next to the divider. At 72nd Street Bates made a left turn and the auto and truck collided.

Gainer, who was a 23-year-old Chicago policeman at the time of the accident, was coming from a wedding party. He testified that the weather was clear and it was still daylight, and there was no traffic to interfere with his vision as he traveled north on Ashland. He first saw the 18-foot-long southbound truck when it was a car-length north of 72nd Street and he was approximately a car-length and a half south of that street. He was going 30 miles an hour when he entered the intersection. He did not know how fast the truck had been going but it slowed down and made a left-hand turn, cutting the corner with its rear wheels coming over the concrete divider. Gainer put on his brakes as the truck continued to turn and its right front struck the left front half of his auto. He lost consciousness and when he awoke he was in a hospital. His mouth was cut and his forehead, chest, right shoulder and left knee were sore.

Bates, an automobile mechanic, testified that his left turn signal was on when he entered the intersection. He said that as he made his turn Gainer's car struck his truck at the rear of the right front fender with such force that the car went partially under the truck; the truck's fender was bent completely under its body and its gas tank was broken. The impact turned the truck around so that it was headed south in the northbound lanes. When Bates jumped out of his cab he saw skid marks

made by Gainer's car that were 20 to 25 feet long. He suffered pains in his wrist, elbow, knee and leg.

A citizen who resided at 7230 South Ashland witnessed the accident from the front window of his second floor apartment. When he first noticed the truck it was going under 20 miles an hour and its turn signal was on. When he first saw the automobile it was a block from 72nd Street and was speeding at about 70 miles per hour. The woman in the car was sitting close to the driver with her left arm around his shoulder. He was driving with one hand on the wheel and the other up on the window. The driver applied his brakes and the auto slid "about a block," leaving long skid marks. The collision occurred in the middle northbound lane; the right front of the auto struck the truck near its front center at the gas tank. The witness ran to the scene and asked the driver of the auto who was standing next to his car whether he could help him. He smelled whiskey on the driver's breath. On cross-examination he said that while making its left turn the truck almost came to a stop in order to let vehicles pass. He also said that he saw the northbound auto when the truck was turning east and that the driver of the auto "started riding on his brakes" right in front of his window.

Gainer introduced into evidence, without objection, proof of special damages consisting of $590 for hospital, medical and dental expenditures, $315.60 for loss of income and $1,750 for damages to his five-day-old auto, a total of $2,655.60. He protested in his post-trial motion that the verdict of $2,500 was less than his expenses, was palpably inadequate and was the result of the jury's prejudice against him.

■■ A motion for a new trial is addressed to the discretion of the trial judge and his decision should not be reversed except for an abuse of discretion which must affirmatively appear in the record. (*Potter v. Ace Auto Parts and Wreckers, Inc.* (1964), 49 Ill.App.2d 354, 199 N.E. 2d 619.) A verdict should be vacated and a new trial granted for inadequacy of damages where it is clear that an injustice has been done or where it is apparent that the jury did not consider proper elements of damage. *Kinsell v. Hawthorne* (1960), 27 Ill.App.2d 314, 169 N.E.2d 678.

■■ It is otherwise, however, if the verdict is a compromise between a plaintiff's damages and his own negligence. It would be unfair to permit a new trial on the question of damages alone and force a defendant to trial with the issue of negligence foreclosed to him when the verdict against him on that issue was unjustified. A new trial may be granted for damages alone only where "the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice." (*Paul Harris Furniture Co. v. Morse* (1956), 10 Ill.2d

28, 139 N.E.2d 275.) A court may order a new trial as to damages where the evidence of liability is so clear that there is no real issue on this point for a second jury to try. (*Brunner v. Slupe* (1972), 8 Ill.App.3d 924, 290 N.E.2d 327.) It may not order a new trial on damages alone where it appears that the damages awarded by the jury were a compromise on the issue of negligence. *Paul Harris Furniture Co. v. Morse; King v. City of Chicago* (1964), 53 Ill.App.2d 484, 202 N.E.2d 839.

Although the jury found against Bates, it did not compensate Gainer in full for the loss of his auto, salary and medical expenses, and it gave him nothing for his pain and suffering. If the size of the award were the only factor to be considered, there could be no dispute about the propriety of the court's order, for the award was not in accord with the proof of damages.

■■ The evidence leads to the conclusion that the award was a compromise between Gainer's damages and his conduct at the time of the accident. Contrary to the trial court's finding that the verdict was supported by the evidence, we believe that the evidence weighed heavily in Bates' favor. It appears that the jury attempted to adjust the differences between the litigants by finding Bates at fault but not giving Gainer as much as it would have if he had not been contributorily negligent. This belief is buttressed by the jury's treatment of Eileen Sweeney Gainer. She was not negligent herself and as a passenger in Gainer's auto his negligence could not be imputed to her. The jury's ability to discriminate between their negligence is evidenced by its verdicts. While Gainer received less than his liquidated damages, Mrs. Gainer received more.

We find nothing in the record to support Gainer's contention that the inadequate verdict indicated that the jurors were prejudiced against him. Where the evidence on the issues of negligence and contributory negligence preponderates against a plaintiff, any award of damages suggests that the jurors were sympathetic, not antagonistic, to him.

A plaintiff who is not entitled to recover at all has no right to a new trial so that he may have the opportunity of recovering more. The order granting a new trial will be reversed.

Reversed.

McNAMARA and STAMOS, JJ., concur.