ROMEY JOSEPH, a Minor, by his mother and next friend, LAYLA JOSEPH, Plaintiff-Appellee, *v.* PAUL LUKE, JR., Defendant-Appellant.

(No. 60264;

First District (2nd Division)—January 14, 1975.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (John J. Corbett, of counsel), for appellant.

Baskin, Server, Berke & Rosenbloom, of Chicago (Carl J. Cipolla, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

In this personal injury action, the jury returned a verdict for plaintiff, Romey Joseph, a minor, by Layla Joseph, his mother and next friend, against defendant, Paul Luke, Jr., in the amount of $1158.25. At trial, plaintiff had introduced medical bills totaling $1495.05 incurred as a result of his injuries. Plaintiff filed a post-trial motion for a new trial solely on the issue of damages or, in the alternative, for a new trial generally. The motion for a new trial on the issue of damages was allowed, and we granted leave to appeal. Ill. Rev. Stat. 1973, ch. 110A, par. 306.

■■■ Plaintiff-appellee has failed to file an appearance or brief in this matter. Under such circumstances we are not required to consider the merits of the appeal, and where appellant has complied with all the requirements for perfecting an appeal, we are permitted in our discretion to summarily reverse. (*Georges v. Mallare*, 18 Ill.App.3d 907, 310 N.E.2d 754.) Nevertheless, this court may consider the merits of the appeal, and in view of the nature and circumstances of this case, we choose to do so.

This action arose when the minor plaintiff was struck by an automobile operated by defendant. The incident occurred at approximately 6 P.M. on April 23, 1970, at 1435 W. Carmen, Chicago, Illinois. The impact took place in the middle of the block with automobiles parked on each side of the street. Plaintiff was on foot and the evidence is in some dispute as to whether plaintiff darted out from between parked cars or had been standing on the street when struck.

Plaintiff related that he was northbound when he entered the street from between parked cars. He was not running, but walked around one of the parked cars to its side in the street and came to a stop approximately 1 foot from the parked car. He stood in the street facing the side of that parked car (southbound) for an unknown period of time and was struck by defendant's car. He next remembers awaking in the hospital.

The doctor who treated plaintiff in the hospital took a medical history from plaintiff during which plaintiff said he "ran across the street trying to escape from some boys who were after him."

A Chicago police officer investigated the accident and found parked cars on both sides of the street. It was a clear day, still daylight, and the streets were dry. He expressed his opinion that defendant was traveling between 20 and 25 miles per hour before the impact.

Defendant testified that he was driving westbound to his fiancee's home at 1462 W. Carmen at no more than 25 miles per hour. He first saw plaintiff when plaintiff ran into the street from between parked cars, approximately 1 or 1½ car lengths in front of defendant's car. He immediately applied his brakes and sounded his horn. His left front fender struck

plaintiff and his car stopped approximately two feet past the point where plaintiff was struck. Plaintiff was running from the first instant defendant saw him until plaintiff was struck.

One eyewitness testified that plaintiff ran into the street from between parked cars. Another witness did not see the impact but testified that she saw plaintiff standing in the street alongside a parked car, facing south, for at least 20 seconds prior to the accident.

Plaintiff introduced into evidence a total of $1355.05 in paid medical bills and an unpaid doctor bill in the amount of $140. The jury returned a verdict for the plaintiff in the amount of $1158.25.

Plaintiff's post-trial motion sought a new trial on the issue of damages only or, in the alternative, for a new trial generally. All of the grounds urged in support of that motion dealt with the question of alleged inadequacy of the verdict. The trial court granted a new trial on the issue of damages only, and we granted leave to appeal from that order.

■■ The only issue raised on appeal is whether the trial court properly ordered a new trial solely on the issue of damages. Defendant argues that in light of the evidence presented at trial the jury's verdict was a compromise on the issue of liability, and thus, it was error to order a new trial solely on the issue of damages. This exact issue was before this court in *Gainer v. Bates*, 14 Ill.App.3d 297, 302 N.E.2d 463. The language we used there is appropriate here.

> "A motion for a new trial is addressed to the discretion of the trial judge and his decision should not be reversed except for an abuse of discretion which must affirmatively appear in the record. (*Potter v. Ace Auto Parts and Wreckers, Inc.* (1964), 49 Ill.App.2d 354, 199 N.E.2d 619.) A verdict should be vacated and a new trial granted for inadequacy of damages where it is clear that an injustice has been done or where it is apparent that the jury did not consider proper elements of damage. *Kinsell v. Hawthorne* (1960), 27 Ill.App.2d 314, 169 N.E.2d 678.
>
> It is otherwise; however, if the verdict is a compromise between a plaintiff's damages and his own negligence. It would be unfair to permit a new trial on the question of damages alone and force a defendant to trial with the issue of negligence foreclosed to him when the verdict against him on that issue was unjustified. A new trial may be granted for damages alone only where 'the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice.' (*Paul Harris Furniture Co. v. Morse* (1956), 10 Ill.2d 28, 139 N.E.2d 275.) A court may order a new trial as to damages where the evidence of

liability is so clear that there is no real issue on this point for a second jury to try. (*Brunner v. Slupe* (1972), 8 Ill.App.3d 924, 290 N.E.2d 327.) It may not order a new trial on damages alone where it appears that the damages awarded by the jury were a compromise on the issue of negligence. *Paul Harris Furniture Co. v. Morse; King v. City of Chicago* (1964), 53 Ill.App.2d 484, 202 N.E.2d 839." (14 Ill.App.3d 297, 299-300.)

As in *Gainer*, the principles outlined above require a reversal of the order granting a new trial.

In the instant case, there can be no dispute that the jury's award was not in accord with the proof of damages. However, the evidence presented at trial leads to the conclusion that the jury's award was the result of a compromise between plaintiff's injuries and his conduct at the time of the accident, and not because the jury failed to consider the proper elements of damage.

At trial there was evidence that plaintiff admitted to his treating physician at the hospital that he ran across the street. This was corroborated by an independent eyewitness. Moreover, it is uncontradicted that defendant was driving no faster than 25 miles per hour. And yet, according to plaintiff, he was struck while standing on the south side of the street and defendant was going westbound. With the evidence in this posture, the jury returned a verdict less than plaintiff's actual medical bills. We can only conclude that the jury compromised its award of damages with the issue of liability rather than deny any recovery to an 11-year-old boy who may have, in fact, darted out from between parked cars.

■■ While we intimate no opinion on whether the jury's verdict was against the manifest weight of the evidence, it is patent that this is not a case where the evidence of liability is so clear that there would not be a real issue on that point for a second jury to try. Accordingly, the order granting a new trial is reversed.

Order reversed.

DOWNING, P. J., and LEIGHTON, J., concur.