NANCY CAROL ROBBINS, Admr'x of the Estate of Alvin Lee Robbins, Plaintiff-Appellee, v. THE PROFESSIONAL CONSTRUCTION CO., et al., Defendants-Appellants.

Third District   No. 76-256

Opinion filed January 31, 1977.

O'Brien, Garrison, Berard, Kusta & DeWitt, of Joliet (James Garrison, of counsel), for appellants.

Edward Vogt, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendants, the Professional Construction Co., a corporation, and Harold E. Pulliam, their employee, appeal from a judgment of the Circuit Court of Kankakee County in the sum of $120,000 subject to reduction by the sum of $23,500, the amount received by plaintiff Nancy Carol Robbins, administratrix of the estate of Alvin Lee Robbins, in settlement from another potential defendant.

A wrongful death action was brought by the administratrix of the estate of Alvin Lee Robbins to recover for pecuniary injuries sustained by the widow and next of kin of decedent. In the first trial of this cause, the jury returned a verdict for plaintiff in the sum of $25,000. The trial court reduced the jury's award by $23,500, the amount received in settlement from a potential defendant, by way of a covenant not to sue. Plaintiff then filed a post-trial motion contending that the damages awarded by the jury were inadequate. The trial court vacated the judgment and granted a new trial solely on the issue of damages. Defendants filed a petition for leave to appeal from the order granting a new trial solely on the issue of damages in this court in case No. 75-9, in 1975, and this court at that time denied the petition for leave to appeal. In the second trial, which was held on the issue of damages only, the jury returned a verdict for plaintiff in the sum of $120,000, and judgment was entered on the jury's verdict after reduction by the amount paid to plaintiff as the result of the covenant not to sue another potential defendant.

On appeal in this court, defendants contend that the trial court was in error (1) in granting a new trial on the issue of damages only, (2) in the denial of defendant's motion for judgment notwithstanding the verdict, (3) in striking a portion of defendant's post-trial motion requesting a new trial on ground that the jury's verdict was against the manifest weight of the evidence, and (4) affirmatively requesting that this court grant defendants a new trial on the contention that the jury's verdict was against the manifest weight of the evidence.

The incident which caused the death of Alvin Lee Robbins occurred on September 8 or 9, 1971, on Route 17, near the intersection with Warner Bridge Road in Kankakee County, Illinois. Route 17 at the time and in the area involved, was a straight, level, two-lane road, running east and west, and marked by two solid lines on the north and south shoulders and a slashed black and white line in the middle. The posted speed limit was 65 miles per hour. The weather was clear at the time and the road was dry. At approximately 7:20 a.m. on that date, Bonita Kirchner was driving her Ford automobile westbound on Route 17. As the Kirchner vehicle approached the Warner Bridge Road intersection, Kirchner applied the brakes to her vehicle, apparently to avoid colliding with slow-moving traffic in the westbound lane of Route 17. The Kirchner vehicle then

skidded approximately 42 inches into the eastbound lane of traffic. At that point, the Kirchner vehicle collided with a truck, traveling eastward, owned by defendant Professional Construction Co. and driven by defendant Harold E. Pulliam. He had a passenger in the truck named William Trainor, who was also an employee of Professional Construction. The impact of the Kirchner vehicle with the left side of the truck, tipped the truck to the right, so that only the right-side tires of the truck were in contact with the road. The impact also caused the truck to swerve to the right and go partially onto the gravel shoulder of the road. The left front wheel of the truck was turned at an angle, in a locked position. The truck then bounced on its left-side tires and proceeded in a generally unstable condition. After proceeding on the shoulder in an easterly direction for about 50 feet, the truck cut back onto the highway, across the center strip, and collided with an automobile driven by decedent Robbins. Decedent's vehicle, at that time, was traveling at 20 to 25 miles per hour in a westerly direction, in its proper lane of traffic. Just prior to the collision, decedent was attempting to pull his vehicle off the road. The truck was traveling at between 40 to 60 miles per hour when it struck the automobile driven by the decedent with the right front side of the truck. Alvin Lee Robbins died from injuries suffered at the collision.

After the collision, skidmarks were noted 89 feet in length going from the westbound lane of Route 17 into the eastbound lane. Another set of skidmarks were 29 feet in length. Both sets of skidmarks were basically in the middle of the road. The skidmarks stopped where they came together. When the Professional truck came to rest after the collisions, its tie rod was broken on the left side.

Plaintiff, as administratrix of the estate of Alvin Lee Robbins, filed the wrongful death action against Professional and Pulliam to recover damages for the pecuniary loss suffered by the decedent's widow and next of kin by the wrongful death of decedent. Prior to the first trial of this cause, plaintiff had received as a settlement on a covenant not to sue, the sum of $23,500 from Bonita Kirchner. At the first trial, plaintiff presented evidence of future lost wages for a 33-year period totalling $336,366. The jury returned a verdict for plaintiff in the amount of $25,000. The trial court after reducing the verdict by the covenant amount of $23,500 entered judgment on the jury's verdict. Post-trial motions were filed by all parties to the action. Defendants requested judgment notwithstanding the verdict and plaintiff requested a new trial on all issues and a new trial on the issue of damages only. Defendants did not request a new trial. The trial court granted plaintiff's motion for a new trial on the issue of damages only and denied defendants' motion. Following the entry of such order granting a new trial for damages only, defendants filed a petition for leave to appeal to the appellate court asserting contentions

which are again repeated in the present action as a basis for such petition for leave to appeal and asserted that the order of the trial court granting the new trial on damages only should be reversed. This court denied such petition for leave to appeal.

A second trial was then had on the issue of damages only. The jury returned a verdict of $120,000. After reduction of the verdict by the amount received in settlement from Kirchner, the trial court entered judgment on the jury's verdict in the sum of $96,500. Defendants then filed a post-trial motion requesting a new trial generally and judgment notwithstanding the verdict. Plaintiff filed a motion to strike certain portions of defendants' post-trial motion. The trial court granted plaintiff's motion to strike with respect to defendants' motion for a new trial generally. The trial court thereafter denied the remaining portions of defendants' post-trial motion.

As we have noted, defendants now seek to appeal not only from the order denying the post-trial motion for judgment notwithstanding the verdict, but also from the order striking certain portions of defendant's post-trial motion, and from the order entered by the trial court following the first trial granting plaintiff a new trial on the issue of damages only. During the pendency of this appeal, plaintiff filed a motion to strike (1) that portion of defendants' brief which asserts error in the trial court's order granting a new trial on the issue of damages only on the ground that Supreme Court Rule 306(a) precludes review of the issue at this time, and (2) those portions of defendants' brief which contest the trial court's granting of plaintiff's motion to strike that portion of defendants' post-trial motion requesting a new trial generally and which further requests this court to grant defendants a new trial on all issues, on the ground that relief sought is no longer available to defendants and that defendants failed to assert such issues in their post-trial motion. Plaintiff's motion to strike portions of defendants' brief was taken with the case in our court for consideration and disposition of the appeal.

As a preliminary matter, we must consider the effect of Supreme Court Rule 306(a) on the issue raised in this appeal. Rule 306(a) provides, in part:

> "An appeal may be taken from an order of the circuit court granting a new trial only on the allowance by the Appellate Court of a petition for leave to appeal." (Ill. Rev. Stat. 1971, ch. 110A, par. 306(a)(1).)

In considering the application of Rule 306(a), the appellate court in *Hamas v. Payne* (2d Dist. 1969), 107 Ill. App. 2d 316, 325, stated:

> "Illinois reviewing courts have dismissed attempted direct appeals from orders vacating judgments and granting new trials and have held that provisions of the Leave-to-Appeal Statute had

to be followed. Where a rule or statute expressly outlines the procedure to be taken on appeal, said procedure must be followed exactly. In this case, defendant failed to follow the prescribed procedures with regard to that portion of the trial judge's order granting a new trial on the issue of damages only and, therefore, that assignment of error should not be considered by this court. Rodriguez v. Chicago Transit Authority, 58 Ill. App. 2d 150, 162-163, 206 N.E.2d 828 (1965)."

The *Hamas* court, however, proceeded to consider defendant's allegations of error in the granting of a new trial on the issue of damages only, and found such contentions to be groundless.

■■ A more strict application of Rule 306 is found in *Martino v. Barra* (1st Dist. 1973), 10 Ill. App. 3d 97, 293 N.E.2d 745. After the court had quoted the language of Rule 306(a)(1), the court in *Martino* held, at page 100:

"* * * This is the sole means of securing review of an order granting a new trial. *Rodriguez v. Chicago Transit Authority*, 58 Ill. App. 2d 150, 162, 206 N.E.2d 828, 834-5.

"[Counterdefendant's] * * * petition for leave to appeal from the order of the trial court granting a new trial was denied by this court on May 27, 1969. Both the original order granting judgment notwithstanding the verdict of the jury and ordering a new trial on the issue of damages, and the subsequent revised order granting a new trial on all the issues were considered by this court at that time and are not properly before us on this appeal."

In the instant case, the defendants filed a petition for leave to appeal from the trial court's order granting a new trial on the issue of damages only in January 1975. That petition of defendants' was denied by this court. This court would thus be fully authorized, on the basis of Rule 306, in refusing to hear the defendants' allegations of error concerning the issue of granting a new trial on damages only. As the *Hamas* court did, however, we shall discuss the substantive merit of defendants' argument on this point.

The Illinois Supreme Court first recognized the authority of Illinois courts to grant new trials on the issue of damages only in the case of *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275. In the *Harris* case the court held, at page 46:

"* * * that either a trial or an appellate court may set aside an inadequate verdict and order a new trial solely on the issue of damages in a proper case, that is, in a case where the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice. (*Gasoline Products Co. v. Champlain Refining Co.* 283 U.S. 494, 75 L. ed 1188.) We

believe that in the instant case, since the verdict against Walker on the question of liability was amply supported by the evidence, the question of the amount of damages is separable and distinct from the issue of liability, and that the error which resulted in inadequate damages did not affect the issue of liability."

In the *Paul Harris* case, the parties stipulated to a loss by each of the three plaintiffs of specific sums of money. The parties further stipulated to settlements with a potential defendant, which were to be credited against plaintiffs' recoveries in the *Paul Harris* action. The jury had returned verdicts for plaintiffs in amounts identical to those received from the potential defendant under the covenant not to sue. The appellate court had held that a new trial on the issue of damages only was inappropriate because the jury's verdict was "obviously a compromise." In response, the Illinois Supreme Court held, at pages 46-47:

"We agree with the Appellate Court that a court is not justified in ordering a new trial on the issue of damages alone where it appears that the damages awarded by the jury were the result of a compromise on the question of liability. In this case, however, there is nothing to indicate such a compromise, and, in fact, the record points rather to misunderstanding or confusion of the jury by the evidence of the * * * settlements."

The Illinois Appellate Court in *Joseph v. Luke* (1st Dist. 1975), 25 Ill. App. 3d 582, 323 N.E.2d 631, reviewed, pursuant to Supreme Court Rule 306, a trial court's order granting a new trial on the issue of damages only. The *Joseph* court cited the following language from *Gainer v. Bates* (1st Dist. 1973), 14 Ill. App. 3d 297, 302 N.E.2d 463, at 25 Ill. App. 3d 582, 584, stating that:

"A motion for a new trial is addressed to the discretion of the trial judge and his decision should not be reversed except for an abuse of discretion which must affirmatively appear in the record. (*Potter v. Ace Auto Parts and Wreckers, Inc.* (1964), 49 Ill. App. 2d 354, 199 N.E.2d 619.) A verdict should be vacated and a new trial granted for inadequacy of damages where it is clear that an injustice has been done or where it is apparent that the jury did not consider proper elements of damage. *Kinsell v. Hawthorne* (1960), 27 Ill. App. 2d 314, 169 N.E.2d 678.

It is otherwise; however, if the verdict is a compromise between plaintiff's damages and his own negligence."

Both the *Joseph* and *Gainer* cases reversed the trial courts' order granting a new trial, on the issue of damages only, on the grounds that the verdicts were compromised between plaintiffs' damages and plaintiffs' negligence. We note, however, that in the instant case, there is no indication of any negligence on the part of plaintiff's decedent Robbins.

Both parties to this appeal find support in this court's decision in *Keel v. Compton* (3d Dist. 1970), 120 Ill. App. 2d 248, 256 N.E.2d 848. In the *Keel* case the jury returned a $5,000 verdict for the wrongful death of a 63-year-old man, survived by a wife and two children at home, who was earning $6,000 a year at the time of his death. The trial court denied plaintiff's motion for a new trial on the issue of damages only and, in the alternative, for a new trial generally. On appeal, we upheld plaintiff's argument for a new trial generally, but denied plaintiff's argument for a new trial on the issue of damages only. In so doing, we stated (at 120 Ill. App. 2d 248, 257):

> "* * * there is nothing from the amount of the verdict, considered in relation to the facts and circumstances of the case, indicating that the verdict may not have been a compromise of liability against damages. Accordingly, we believe that a new trial ought to be held on all issues."

We believe that *Keel* and other cases cited by defendants are distinguishable from the case at bar. Appellate review of the granting or denial of a new trial limited to the issue of damages, is essentially a review of the trial court's exercise of discretion. As stated in *Hamas v. Payne* (2d Dist. 1969), 107 Ill. App. 2d 316, 326, 246 N.E.2d 1:

> "The trial court is granted discretion in determining whether or not it should grant a new trial and its determination, particularly in granting a new trial, will not be disturbed unless it is affirmatively shown that there is a clear abuse of discretion. Greater latitude is allowed a trial court in granting a new trial than in denying one. *Lombard Park Dist., v. Chicago Title & Trust Co.*, 103 Ill. App. 2d 1, 242 N.E.2d 440, 445-446 (1968)."

When a court of review considers a trial court's denial of a new trial on the issue of damages only, it may be necessary, as indicated by *Keel* and other cases, to find that there was no compromise of liability against damages, or to find that there is no question of defendant's liability, in order to find that the trial court abused its discretion in denying the motion for new trial on the issue of damages only. That situation, however, is the reverse of the one which is presented in the instant case. The trial court, in granting a new trial solely on the issue of damages, necessarily found that the damage issue is sufficiently separable and distinct from the issue of liability and that a trial on the damage issue alone may be held without injustice and that the jury's verdict was not a result of compromise on the issue of liability. Defendants show no basis for a conclusion that there was an abuse of the trial court's discretion.

The trial judge, in the instant case, clearly analyzed the evidence prior to granting the new trial on the issue of damages only, and, in the memorandum written for the benefit of the parties in this cause, the trial court pointed out that there was testimony that the Kirchner vehicle was

visible from defendant's truck for a distance of 200 to 300 feet from the point of impact and that the truck nevertheless collided with it and was still going 40 to 50 miles per hour 100 feet further on. The court also pointed out that the pictorial evidence attested to the speed of the truck at the time of the second impact. The court divined from this that the evidence was ample to show that the jury could have concluded that the defendant driver of the truck did not begin slowing down in sufficient time for the intersection, or that if he did, he was going too fast to avoid the first collision. The court then concluded that the evidence of defendant's negligence was substantial. The trial court also pointed out that defendant had submitted questions of due care and defendant's negligence to the jury by special interrogatories. While these interrogatories were withdrawn after the verdict had been returned, generally, the court noted that the actual answers to the interrogatories were in accord with the verdict, and that this was a further indication that there, in fact, had not been a compromise on the issue of liability on the part of the jury.

■■ As stated in *Paul Harris*, the closeness of the damages awarded by the jury to the amounts received under the covenant not to sue, indicates that the jury may have been confused on the issue of damages, but there is no evidence that decedent was negligent. There could have been no compromise, therefore, between plaintiff's negligence and defendants' negligence. The jury's verdict on the question of liability was amply supported by the evidence. The question of defendants' negligence was one which was determined by the jury in its verdict finding defendant guilty on the question of liability. We must conclude, therefore, on the basis of the record, that the trial court's order granting a new trial on the issue of damages alone, as we had concluded previously in January of 1975, was a proper exercise of its discretion.

■■ Defendant argues, also, that the trial court erred in denying defendants' motion, after the first trial, for judgment notwithstanding the verdict. As was stated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504:

> "* * * verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Plaintiff's complaint contained the alternative allegations of negligence to the effect that (1) the Professional truck was being driven at a greater than reasonable and proper rate of speed, (2) the truck was operated without keeping a proper lookout for other motor vehicles on the highway, (3) the operator of the truck failed to swerve to avoid colliding with the Kirchner

vehicle at the first opportunity so to do, (4) after colliding with the Kirchner vehicle, the operator of the truck failed to go or continue to go to the right, but rather drove to the left and into the westbound lane of traffic, and (5) the truck was being operated at a rate of speed in excess of 65 miles per hour. Each of these allegations, if proved, constitutes actionable negligence. Plaintiff's evidence was sufficient to support the jury's verdict of liability on at least some of the allegations asserted in plaintiff's complaint when tested by the *Pedrick* standard.

■■ A final contention is made by defendants that there should be a new trial on the issue of liability, on the ground that the verdict of the jury in the first trial, insofar as it found defendants liable, was against the manifest weight of the evidence. Following the first trial of this cause, defendants filed a motion for judgment notwithstanding the verdict, but did not include a motion for a new trial. The trial court held that this precluded defendants from requesting a new trial on the issue of liability after the second trial was held. Plaintiff's motion to strike, which was filed in this court, seeks to strike defendants' arguments concerning the request for a new trial on the ground that the relief sought is no longer available to defendants and that defendants failed to assert a claim for this relief in their original post-trial motion.

If we examine the record in this case on the issue raised as to the contention that the verdict of the jury was contrary to the manifest weight of the evidence, we find no support for such contention since there was ample specific evidence, as we have noted, of negligence on part of defendant in this cause. While that analysis in itself is sufficient to answer defendant's contention with respect to the manifest weight of the evidence issue, the determination of this issue rests in the application of section 68.1 of the Civil Practice Act (Ill. Rev. Stat., 1975, ch. 110, par. 68.1). Section 68.1(5) of the Civil Practice Act provides:

> "Any party who fails to seek a new trial in his post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict."

Defendants' post-trial motion, filed after the trial court entered judgment on the jury's verdict in the first trial of this cause, did not request a new trial. It may have been, as defendants argue, that defendants had no need to move for a new trial at that time when defendants, in the words of their brief, had "been successful in the litigation (a $25,000 verdict less the $23,500 covenant not to sue, equated to $1,500)." The trial court's order granting plaintiff's motion for a new trial on the issue of damages alone, however, resulted, and in effect, created a situation in which defendant then had cause to file a motion for a new trial. Section 68.1(3) of the Civil Practice Act anticipates such a situation and provides, in part:

"A party against whom judgment is entered pursuant to post-trial motion shall have * * * [30 days] after the entry of the judgment within which to file a post-trial motion."

We thus see, that after the granting of the new trial on the issue of damages alone, section 68.1(3) permitted defendants a 30-day period within which to file a post-trial motion. Since defendants filed no such motion, we could conclude that they are now precluded, by the terms of section 68.1(5) of the Civil Practice Act, from seeking a new trial on the issue of liability, even though we have also concluded that defendants are not entitled to a new trial on this issue, even if properly presented.

For the reasons hereinbefore set forth, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I respectfully disagree with the majority position that the trial court was correct in granting a new trial on damages only. Neither is the liability of the defendant so clear, nor the issues of the liability and damages so separable, such as to justify granting a new trial on damages only. I also question the conclusion in the majority opinion which states that an order granting a new trial may not be reviewed once an earlier petition for leave to appeal from that order has been denied.

At common law orders granting new trials were considered interlocutory and review of such an interlocutory order could not be obtained until after a final judgment was entered. Supreme Court Rule 306 (Ill. Rev. Stat. 1975, ch. 110A, par. 306), and its several statutory predecessors, modified the common law and allowed review of a new trial order upon the grant of a petition for leave to appeal. But while Rule 306 authorizes one avenue for securing review of an interlocutory order granting a new trial, the Rule does not purport to be the sole or exclusive method of securing review of such an order. Provision in the Rule for review via petition for leave to appeal imports discretion in the court of review without declaring any of the consequences which will flow from a denial of the petition. When review is discretionary, it is difficult to imply or import reasons for the denial of leave to appeal. A court may have merely considered that the issue was not ripe for review. I therefore disagree with the conclusion of the majority which declares that the merits of defendant's objection to the order granting a new trial on damages only, were fully considered in reaching our earlier decision denying defendant's petition for leave to appeal. By way of analogy, the

authority of our supreme court to deny a petition for leave to appeal is discretionary. Yet, no particular significance is attached to such a denial, either by precedent or by Supreme Court Rule.

If the denial of a petition for leave to appeal is to constitute a ruling on the merits, then a petitioner should be entitled to more from an appellate tribunal than a perfunctory reply. Having sought review by the statutorily prescribed procedure, a petitioner is entitled to the same quantum of review that is customarily afforded litigants on appeals from final judgments as a matter of right. Whether on a petition for leave to appeal or on an appeal from the judgment of a second trial after the denial of an earlier petition, the appellate court should allow a party an opportunity to fully argue his objections to the order granting the new trial.

The majority cites three cases dealing with Supreme Court Rule 306(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 306(a)). Two of the three cases, *Rodriquez v. Chicago Transit Authority*, 58 Ill. App. 150, 206 N.E.2d 828, and *Hamas v. Payne*, 107 Ill. App. 2d 316, 246 N.E.2d 1, do not even involve situations where a petition for leave to appeal has been filed, review of the new trial order being sought only after the second trial had been held and a final judgment entered. This distinguishing feature of the *Hamas* and *Rodriquez* opinions serves to diminish their precedential value in the issue before us. While these cases may not be authoritative, the case of *Martino v. Barra*, 10 Ill. App. 3d 97, 293 N.E.2d 745, is direct authority for the proposition announced in the majority opinion that the denial of the petition for leave to appeal from an order granting a new trial prevents review on a subsequent appeal. I disagree with this decision and would urge this court to adopt a contrary position. Furthermore, I believe such a contrary position finds considerable support in the Illinois Supreme Court decision in *Hall v. Chicago & North Western Ry. Co.*, 5 Ill. 2d 135, 125 N.E.2d 77.

In *Hall*, plaintiff won a jury verdict for $50,000. Defendant moved for a judgment notwithstanding the verdict and plaintiff filed a motion for a new trial. Defendant sought and was granted leave to appeal from the order granting a new trial, pursuant to section 77 of the Civil Practice Act (Ill. Rev. Stat. 1953, ch. 110, par. 201), a predecessor to Supreme Court Rule 306 (Ill. Rev. Stat. 1975, ch. 110A, par. 306(a)). (The only issues allowed on this appeal were those relating to the new trial order.) The appellate court reversed and remanded with directions to reinstate the judgment. Plaintiff petitioned our supreme court for leave to appeal, but the court denied the petition. Upon the case being redocketed, and judgment entered for plaintiff, both parties appealed to the appellate court. On this second appeal the appellate court reversed the trial court's earlier denial of defendant's motion for judgment notwithstanding the verdict and remanded with directions to enter judgment for defendant.

Plaintiff was then granted leave to appeal by our supreme court. After holding that the appellate court's decision ordering judgment for defendant was incorrect, the supreme court considered *sua sponte* whether the merits of the issue concerning the original order granting a new trial were properly before the court. The court formulated the issue as follows:

> "The particular question now before us is whether, after the case has been remanded to the trial court and judgment entered thereon pursuant to the first Appellate Court opinion, a second appeal is perfected to the Appellate Court at which the latter considers only whether there was sufficient evidence to warrant judgment notwithstanding the verdict, and we allow a petition for leave to appeal from the second decision, the question passed upon by the Appellate Court in its first opinion is now before us for decision." (5 Ill. 2d 135, 146, 125 N.E.2d 77, 83.)

The court held that the issue was properly before them and decided that the trial court's original order granting a new trial was proper and remanded the case for a new trial. The facts and procedure in *Hall* are closely analogous to those in this case and the holding in *Hall* supports a position opposite to that suggested by the majority. The mere fact the majority does discuss the merits of the order granting a new trial indicates that just reasons do exist for resolving the issue on the merits. Upon consideration of the merits of the order granting a new trial, I also find myself in disagreement with the majority.

My reasons for disagreeing with the majority's position on the propriety of granting a new trial on damages only are two-fold. First, I do not believe defendant's liability is unquestionably established by the evidence, as the majority indicates. Second, and perhaps more importantly, the facts of this case clearly indicate an instance in which it is reasonable to assume the jury's damage award was a compromise on the issue of liability, not between the plaintiff and defendant, but rather between the defendant and Ms. Kirchner, a potential defendant.

I agree with the majority that the applicable rule in deciding when a new trial on damages only is proper, is whether the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be held without injustice. (*Paul Harris Furniture Co. v. Morse*, 10 Ill. 2d 28, 139 N.E.2d 275.) If either the liability of defendant is questionable, or may be the result of compromise, the issue of damages is neither separable nor distinct from the issue of liability.

In resolving whether there exists the quantum of evidence necessary to show the requisite unquestionable liability of defendant, the question is not whether there is sufficient evidence to justify the jury's verdict, rather

it is whether there is sufficient evidence to justify a directed verdict in favor of plaintiff as a matter of law. If a party's liability fails to meet this level of certainty, then any ruling by either trial or appellate court that the issues of liability and damages are separable and distinct, would be invading areas customarily within the province of the jury. I cannot say, from the evidence in this case, that the plaintiff would be so entitled to a directed verdict as a matter of law. Even the trial court stated that there were disputed questions of fact to be resolved and at least intimated that a contrary verdict on defendant's liability would find considerable support. From an appellate court's standpoint, I am sure that if defendant had been found not liable, we would have affirmed the jury's verdict. Defendant's liability was far from being decisively established by the evidence supporting the jury's original verdict, as an examination of the facts will reveal.

The sequence of events resulting in Mr. Robbins' death began when the vehicle driven by Bonita Kirchner crossed over the center line into the lane of defendant's vehicle and collided with it. Since it would almost appear as a matter of law that the actions of Ms. Kirchner were negligent, events regarding defendant's negligence must be premised upon the conduct of the operator of the Kirchner vehicle.

The only evidence introduced to establish defendant's negligence concerned the speed of defendant's truck and the driver's conduct in controlling the truck after the collision with the Kirchner vehicle. The truck driver testified that he was travelling 50 miles per hour when approaching the scene of the accident. An independent witness observed the accident and testified that it occurred at 7:20 in the morning on "a clear, nice day and the pavement was dry." The posted speed limit was 65 miles per hour. This witness first stated that he "was not really able to determine the speed of the truck at or before the impact." Later in his testimony, he estimated that defendant's truck was going from 40 to 50 miles per hour at the time of impact with the Robbins vehicle. Over objection of defense counsel, plaintiff's attorney introduced testimony from a coroner's inquest showing the witness had previously testified that the speed of the vehicle on impact was 50 to 60 miles per hour. The witness then changed his testimony to agree with the testimony he had given at the coroner's inquest. The witness also testified that "maybe a second and a half passed between the first impact and the second impact," indicating little opportunity to reduce speed. The foregoing is the extent of the most significant facts upon which defendant's liability is predicated. While evidence does exist to indicate defendant's possible negligence, defendant's actions failed to possess the decisive character which is necessary to say that plaintiff is entitled to a directed verdict on

defendant's negligence. Without this level of certainty, the issue of damages cannot be deemed separable and distinct from the issue of liability.

My strongest objection concerns the issue of compromise. While the majority correctly states that no evidence exists to show compromise between the plaintiff and defendant, they fail to recognize that a compromise could certainly exist between the defendant and Bonita Kirchner, whose initial actions instigated the chain of events which culminated in plaintiff's decedent's death. As a result of the differing magnitudes of responsibility for plaintiff's decedent's death on the part of defendant and Ms. Kirchner, the jury could well have returned an amount of damages which would reflect this difference in culpability.

In the opinion of *Paul Harris Furniture Co. v. Morse*, 10 Ill. 2d 28, 139 N.E.2d 275, our supreme court approved on the merits a new trial on damages only, but did so because the unusual manner in which the jury returned its verdict indicated that the verdict had resulted from a clearly erroneous view of damages. Prior to the original trial in *Harris*, one defendant, Acme, made a settlement with each of several plaintiffs, took a covenant not to sue, and was dismissed without prejudice. As to the three remaining defendants, the jury returned guilty verdicts against them and awarded damages against each in amounts which were identical to the amounts received by the plaintiffs from Acme under the covenant not to sue. In support of its approval of the new trial on damages only, the court believed that there was nothing to indicate a compromise, and in fact, the record pointed rather to misunderstanding or confusion by the jury of the evidence of the Acme settlement. In this case, the amount paid for the covenant not to sue was not introduced into evidence and therefore, could not have confused or mislead the jury in arriving at their verdict. I believe the only time one can say in a tort case that the verdict was not a compromise on the issue of liability, is when evidence can be pointed to which shows how the jury returned that amount of damages. This court has been shown no such evidence.

In presenting his position for a new trial on damages only, plaintiff undertook the burden of proof in establishing the separable and distinct character of the liability and damages issues. Plaintiff has not met such burden in this case. As stated previously, the issues will not be deemed separable if it appears the verdict was the result of compromise. (*Gainer v. Bates*, 14 Ill. App. 3d 297, 302 N.E.2d 463; *Keel v. Compton*, 120 Ill. App. 2d 248, 256 N.E.2d 848.) Hence, I believe the trial court erred in granting a new trial on damages only.

The majority states that the case of *Keel v. Compton*, 120 Ill. App. 2d 248, 256 N.E.2d 848, is distinguishable from the instant case, but fails to indicate the basis for its distinguishability. I believe that *Keel* is not

distinguishable and should control the result in this case. "[T]here is nothing from the amount of the verdict, considered in relation to the facts and circumstances of the case, indicating that the verdict may not have been a compromise of liability against damages." (120 Ill. App. 2d 248, 256-57, 256 N.E.2d 848, 852.) Not only do the facts and circumstances fail to establish the absence of a compromise, if anything, the facts and circumstances are indicative of a compromise by the jury.

In summary, I believe that this court is not prevented by our previous denial of petition for leave to appeal from considering defendant's objections to the merits of the order granting a new trial on damages alone. When the merits of that issue are considered, I think the trial court did err in granting a new trial on the issues of damages only.